[No. 53732-6-I.   Division One.   March 7, 2005.]

RICHARD CUNNINGHAM ET AL., *Appellants*, v. RELIABLE CONCRETE PUMPING, INC., ET AL., *Respondents*.

*Richard T. Cunningham*, pro se.

*David M. Jacobi* and *Jennifer A. Williams* (of *Wilson Smith Cochran Dickerson*), for respondents.

¶1 Cox, C.J. — Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent

position.[1] " 'The purposes of the doctrine are to preserve respect for judicial proceedings without the necessity of resort to the perjury statutes; to bar as evidence statements by a party which would be contrary to sworn testimony the party has given in prior judicial proceedings; and to avoid inconsistency, duplicity, and . . . waste of time.' "[2] In this case, Richard and Marci Cunningham (Cunningham) filed their petition in bankruptcy under Chapter 7 of the Bankruptcy Code, but failed to list in their schedules a third-party personal injury claim arising out of a workplace injury. Following receipt of a discharge and closing of their bankruptcy as a no-asset case, Cunningham sued Reliable Concrete Pumping, Inc., and its division, Reliable Hardware & Equipment, Inc. (collectively Reliable), for this workplace injury. Because the trial court properly granted Reliable's motion for summary judgment of dismissal based on judicial estoppel, we affirm.[3]

¶2 Richard Cunningham suffered a workplace injury in September 1997 and developed related symptoms two years later. It appears that he filed a claim for worker's compensation with the Department of Labor and Industries (L&I), which the Department later closed.

¶3 In November 1999, Reliable sued Cunningham to collect payment for building materials and supplies. Cunningham asserted a personal injury counterclaim based on the 1997 workplace injury. The collection action and the related personal injury counterclaim were dismissed in January 2003.

¶4 In May 2000, Cunningham filed a petition under the Bankruptcy Code, but did not list the personal injury claim

---

[1] *Johnson v. Si-Cor, Inc.*, 107 Wn. App. 902, 906, 28 P.3d 832 (2001); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

[2] *Johnson*, 107 Wn. App. at 906 (quoting *Seattle-First Nat'l Bank v. Marshall*, 31 Wn. App. 339, 343, 641 P.2d 1194 (1982)).

[3] Reliable moved to strike the Declaration of Richard Cunningham dated January 3, 2005, which was filed in this court shortly before oral argument. We treat the declaration as a motion to take additional evidence on review pursuant to RAP 9.11, which we deny. Accordingly, we do not consider the declaration and deny Reliable's motion to strike.

against Reliable in the bankruptcy schedules. It is unclear from the record that is before us whether Cunningham disclosed the claim to either the trustee or creditors at the first meeting of creditors. The bankruptcy court granted a discharge, and the trustee determined there was no property available for distribution to creditors.

¶5 Eleven days after the discharge, Cunningham commenced this personal injury action against Reliable based on the 1997 workplace injury that was the subject of Cunningham's counterclaim against Reliable in 1999. Upon learning of Cunningham's claim against Reliable, the trustee for the Cunningham bankruptcy re-opened the bankruptcy case and revoked her previously filed report of no distribution.

¶6 Reliable moved for summary dismissal of this action, arguing that judicial estoppel barred the personal injury claim. The trial court granted the motion and denied Cunningham's motion for reconsideration.

¶7 Cunningham appeals.

## JUDICIAL ESTOPPEL

¶8 Cunningham argues that there were genuine issues of material fact that precluded summary judgment. Specifically, Cunningham contends that although the claim against Reliable was not listed in the bankruptcy schedules, it was orally disclosed both at the first meeting of creditors and in a postdischarge letter to the bankruptcy trustee. Accordingly, Cunningham argues that the position he took in the bankruptcy proceeding was not inconsistent with his position in this action, and therefore the application of judicial estoppel to bar this action is inappropriate. We disagree.

¶9 In a summary judgment motion, the moving party bears the initial burden of showing the absence of an

issue of material fact.[4] "If the moving party is a defendant and meets this initial showing, then the inquiry shifts to the party with the burden of proof at trial, the plaintiff. If, at this point, the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial', then the trial court should grant the motion."[5] In making this responsive showing, the nonmoving party cannot rely on the allegations made in its pleadings.[6] The evidence and all reasonable inferences therefrom is considered in the light most favorable to the plaintiff, the nonmoving party.[7] An appellate court reviewing a summary judgment places itself in the position of the trial court and considers the facts in a light most favorable to the nonmoving party.[8] We review the trial court's application of the doctrine of judicial estoppel to the facts of this case for an abuse of discretion.[9]

### Prior Inconsistent Position

¶10 Numerous federal circuits hold that prepetition claims must be disclosed in the bankruptcy reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements.[10] In *Hamilton v. State Farm*

---

[4] *See LaPlante v. State*, 85 Wn.2d 154, 158, 531 P.2d 299 (1975).

[5] *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989) (footnote omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)).

[6] CR 56(e) states that the response, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

[7] *Young*, 112 Wn.2d at 225-26.

[8] *Del Guzzi Constr. Co. v. Global N.W., Ltd.*, 105 Wn.2d 878, 882, 719 P.2d 120 (1986).

[9] *Hamilton*, 270 F.3d at 782 (citing *Broussard v. Univ. of Cal.*, 192 F.3d 1252, 1255 (9th Cir. 1999)).

[10] *See, e.g. Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002) (because creditors and bankruptcy courts rely on the accuracy of disclosure statements when deciding whether to grant a no asset discharge, the importance of the disclosure duty cannot be overstated); *In re Coastal Plains, Inc.*, 179 F.3d

*Fire & Casualty Co.*, the Ninth Circuit Court of Appeals held that "notifying the trustee by mail or otherwise is insufficient to escape judicial estoppel."[11] That court affirmed the application of judicial estoppel barring Hamilton's undisclosed pre-petition claim against his insurance company. The court concluded that "[i]n the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements."[12] Hamilton asserted inconsistent positions by not listing his claim against State Farm in bankruptcy filings and then later suing State Farm on those same claims.

¶11 Here, it is undisputed that Cunningham had a personal injury claim against Reliable arising out of his 1997 workplace injury. The personal injury counterclaim against Reliable in the earlier case shows that. Likewise, it is undisputed that the claim should have been scheduled under Schedule B–Personal Property when Cunningham filed for bankruptcy in 2000. It was not scheduled. Specifically, under question 20 in Schedule B–Personal Property, which requires the debtor to list "Other contingent and unliquidated claims of every nature, *including . . . counterclaims of the debtor*, and rights to setoff claims," Cunningham stated "NONE."[13]

---

197, 208 (5th Cir. 1999) (holding that a debtor is barred from bringing claims not disclosed in its bankruptcy schedules); *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) (failure to give notice of a potential cause of action in bankruptcy schedules and disclosure statements estops the debtor from prosecuting that cause of action); *Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.), Inc.*, 989 F.2d 570, 572 (1st Cir. 1993) (debtor who obtained relief on the representation that no claims existed cannot resurrect such claims and obtain relief on the opposite basis); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3d Cir. 1988) (debtor's failure to list potential claims against a creditor "worked in opposition to preservation of the integrity of the system which the doctrine of judicial estoppel seeks to protect").

[11] *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001) (citing *Coastal Plains*, 179 F.3d at 206).

[12] *Hamilton*, 270 F.3d at 783.

[13] (Emphasis added.)

¶12 Richard Cunningham asserts that he disclosed the claim against Reliable during the first meeting of creditors following the bankruptcy filing. The record reflects that the bankruptcy trustee does not share that recollection. Her treatment of the case as a "no asset" matter is consistent with her recollection that Cunningham failed to disclose the claim during the first meeting of creditors. But for purposes of the summary judgment motion before us for review, Cunningham is entitled to the inference that he disclosed the claim at the first meeting of creditors. However, even with this inference, there is no genuine issue of material fact regarding his prior inconsistent position as to the third-party claim against Reliable for the reasons we now discuss.

¶13 The record supports the inference that Richard Cunningham disclosed to the trustee his "potential L&I" claim at the bankruptcy court's July 2000 first meeting of creditors. But there is no indication that he ever informed her of the personal injury counterclaim against Reliable, which was not his employer, that he had filed in Reliable's collection action. The object of an L&I claim is to obtain compensation for a workplace injury through the worker's compensation statute. Richard Cunningham filed such a claim. On the other hand, a third-party claim against one not an employer is not a "potential L&I" claim. It is this latter type of claim that is at issue here.

¶14 The day after filing this lawsuit, Cunningham sent a letter to the trustee to inform her that he had "filed a lawsuit . . . to force responsibility on the Company whose negligence caused my injury." The trustee interpreted the letter as a reference to the previously discussed "potential L&I claim" and took no action.

¶15 The question is whether anything short of listing the claim in the bankruptcy schedules is sufficient to avoid the effect of judicial estoppel. We conclude that under the facts of this case, the failure to list the claim in the bankruptcy schedules fulfills the first criterion of judicial estoppel. The Bankruptcy Code and court rules "impose upon bankruptcy

debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims."[14] Possible causes of action should be listed, even if the likelihood of success is unknown.[15] Cunningham failed to fulfill this duty.

¶16 The failure to disclose the claim by failing to list it in the schedules was an inconsistent position from the one now taken. We note that Cunningham not only failed to disclose the third-party claim, he affirmatively represented that he had no such claim by answering "none" to the relevant question. The fact that he also made an affirmative incorrect representation is not significant for purposes of the relevant criterion. The failure to disclose is sufficient in and of itself. There was no genuine issue of material fact regarding the inconsistent position that Cunningham took in the bankruptcy proceeding. Thus, the next question is whether the bankruptcy court accepted that position for purposes of the trial court in this case applying the doctrine of judicial estoppel to bar Cunningham's personal injury claim.

### Acceptance by the Court

¶17 Cunningham argues that judicial estoppel is applicable only if his prior inconsistent position both benefited him and was accepted by the court. He contends that the reopening of his bankruptcy case prior to the summary judgment motion in this case negated any benefit from his nondisclosure. He also maintains that failure to schedule an asset does not sufficiently involve the court so that the debtor's position is "accepted." None of these arguments is persuasive.

¶18 Judicial estoppel applies "only if a litigant's prior inconsistent position benefited the litigant or was accepted

---

[14] *Coastal Plains*, 179 F.3d at 207-08 (emphasis omitted) (judicial estoppel precluded claims against a creditor that were not disclosed in bankruptcy schedules); *Johnson*, 107 Wn. App. at 910.

[15] 2 *Collier Bankruptcy Manual* ¶ 521.05[3][a] (Lawrence P. King ed., 3d ed. rev. 2002).

by the court."[16] Either of these two results permits the application of judicial estoppel. Both are not required.

¶19 In *Johnson v. Si-Cor Inc.*, another division of this court addressed whether judicial estoppel applied to bar a personal injury claim against a restaurant. Johnson had petitioned for relief under Chapter 13 of the Bankruptcy Code. That was later converted to a Chapter 7 proceeding. The proceeding was eventually closed as a "no-asset" case. The court stated that "[b]y closing the case as a 'no asset' case, the [bankruptcy] court implicitly accepts the debtor's position, as stated in the debtor's bankruptcy schedules, that the liquidation of the debtor's nonexempt assets would not create a dividend for unsecured creditors."[17] The court also stated "A Chapter 7 debtor, for instance, could well be precluded from pursuing an undisclosed pre-petition, personal injury lawsuit, if the debtor's case was closed as a 'no asset' case. By not disclosing the asset, the debtor keeps an asset that may have created a dividend for the debtor's unsecured creditors. By closing the case as a 'no asset' case, the court implicitly accepts the debtor's position, as stated in the debtor's bankruptcy schedules, that the liquidation of the debtor's nonexempt assets would not create a dividend for unsecured creditors."[18]

¶20 The above principles control this case. Cunningham is a Chapter 7 debtor with a prepetition third-party personal injury claim against Reliable. Cunningham failed to disclose that claim in the bankruptcy schedules. The case was closed as a "no asset" case. The bankruptcy court implicitly accepted Cunningham's position that the liquidation of nonexempt property would not create a dividend for unsecured creditors.

¶21 An important distinction between *Johnson* and this case is that there, the debtor acquired the claim during the pendency of his bankruptcy. The Bankruptcy Code did not

---

[16] *Johnson v. Si-Cor, Inc.*, 107 Wn. App. 902, 909, 28 P.3d 832 (2001).

[17] *Johnson*, 107 Wn. App. at 909.

[18] *Johnson*, 107 Wn. App. at 909.

require him to disclose the postpetition asset. Moreover, under Chapter 7 of the Bankruptcy Code, he was entitled to retain any proceeds of his lawsuit. Thus, he neither received a benefit from nondisclosure of the asset nor did he involve the court in accepting an inconsistent position.[19]

¶22 Here, Cunningham had a prepetition claim. The controlling statutes and court rules required him to disclose the personal injury claim.

¶23 Cunningham cites language in *Johnson* that at first blush appears to support his argument. There, the court stated, "we conclude that, in and of itself, a bankruptcy debtor's failure to schedule an asset does not sufficiently involve the court so that the debtor's position becomes a position accepted by the court."[20]

¶24 But *Johnson*'s comment that "in and of itself, a bankruptcy debtor's failure to schedule an asset does not sufficiently involve the court so that the debtor's position becomes a position accepted by the court"[21] must be viewed in light of the Chapter 13 proceeding at issue. Johnson was not required to schedule the asset under that chapter of the Bankruptcy Code.[22] Therefore, his omission had no effect on the court's valuation process or subsequent decision to confirm his plan. As such, the court did not "accept" his position that no claim was available to his creditors. Thus, that isolated statement does not control the outcome in Cunningham's Chapter 7 proceeding involving a prepetition claim. The asset does affect the court's valuation process, as *Johnson* points out.[23]

¶25 The courts have made clear that the failure to schedule claims about which the debtor had knowledge "is sufficient acceptance to provide a basis for judicial estoppel,

---

[19] *Johnson*, 107 Wn. App. at 911-12.

[20] *Johnson*, 107 Wn. App. at 910.

[21] *Johnson*, 107 Wn. App. at 910.

[22] *Johnson*, 107 Wn. App. at 911.

[23] *Johnson*, 107 Wn. App. at 909-12.

even if the discharge is later vacated."[24] Here, the bankruptcy court's discharge of Cunningham's debts was an implicit acceptance of his position that he had no assets that could be liquidated for the benefit of his creditors. Moreover, Cunningham received the benefit of a complete discharge of debts, notwithstanding the subsequent reopening of the bankruptcy case.[25]

## Intent to Mislead the Court

¶26 Finally, Cunningham argues that the application of the severe penalty of judicial estoppel is appropriate only if the debtor failed to schedule an asset in an attempt to intentionally mislead the bankruptcy court. He contends that the trial court incorrectly found that there is no intent element in judicial estoppel. He maintains that the court therefore erred in dismissing his claim because he lacked the required manipulative intent. We disagree.

¶27 In rejecting an intent element in the doctrine of judicial estoppel, the trial court cited *Johnson*, which held that judicial estoppel requires only that the debtor's prior position benefited him or was accepted by the court.[26] Although *Johnson* discussed but declined to apply six different elements of judicial estoppel,[27] a requirement of intent was not among them. The cases on which Cunningham relies, *Burnes v. Pemco Aeroplex, Inc.*[28] and *Scoggins v. Arrow Trucking Co.,*[29] are not helpful.

¶28 In *Burnes*, the Eleventh Circuit affirmed the trial court's application of judicial estoppel to dismiss the plaintiff's employment discrimination claims on summary judg-

---

[24] *Hamilton*, 270 F.3d at 784.

[25] *See Hamilton*, 270 F.3d at 785.

[26] *Johnson*, 107 Wn. App. at 909.

[27] One issue before the court was whether all six possible elements addressed by *Markley v. Markley*, 31 Wn.2d 605, 198 P.2d 486 (1948), were required for the application of judicial estoppel. The court held that they were not.

[28] 291 F.3d 1282 (11th Cir. 2002).

[29] 92 F. Supp. 2d 1372 (S.D. Ga. 2000).

ment, based on his failure to disclose the claims in concurrent bankruptcy proceedings. While noting that judicial estoppel might not apply in cases of simple error or "inadvertence," the court also observed that "deliberate or intentional manipulation can be inferred from the record."[30] The court adopted the Fifth Circuit's rule that " 'the debtor's failure to satisfy its statutory disclosure duty is "inadvertent" only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.' "[31] This case does not establish intent as an element for judicial estoppel.

¶29 *Scoggins* is more factually similar to Cunningham's case, but even less helpful to his intent argument. The United States District Court applied judicial estoppel to Scoggins' tort claim arising from a prepetition claim. He filed a lawsuit in federal district court before his bankruptcy case was closed. Scoggins attempted to amend his bankruptcy schedules to include the claim once the defendant moved for summary judgment, but the court applied judicial estoppel, concluding the debtor "knew of the facts giving rise to his inconsistent positions, and he had a motive to conceal this claim. That is enough."[32]

¶30 In short, intent to mislead is not an element of judicial estoppel. Moreover, there is nothing in the record to support Cunningham's assertion that he omitted the claim by mistake.

¶31 Finally, Cunningham attempts to demonstrate his lack of intent by placing blame on the attorney who represented him in the bankruptcy proceeding. He argues "Even though it was [Cunningham's former attorney's] duty to amend the schedules, he did not do so at any time before the trustee re-opened the bankruptcy case." This argument is disingenuous. "[O]nce a party has designated an attorney to represent him in regard to a particular matter, the court

---

[30] *Burnes*, 291 F.3d at 1287.

[31] *Burnes*, 291 F.3d at 1287 (quoting *Coastal Plains*, 179 F.3d at 210).

[32] *Scoggins*, 92 F. Supp. 2d at 1376.

and the other parties to an action are entitled to rely upon that authority . . . ."[33] Blaming the attorney does nothing to avoid the application of judicial estoppel on this record.

¶32 We affirm the summary judgment order and order denying the motion for reconsideration.

COLEMAN and BECKER, JJ., concur.

---

[33] *Haller v. Wallis*, 89 Wn.2d 539, 547, 573 P.2d 1302 (1978).