112 P.3d 531 (2005)
127 Wash.App. 375
Russell GARRETT, as Trustee of the Bankrupt Estates of Rebecca Davis and Thomas Davis, wife and husband, Appellant,
v.
Bruce MORGAN, D.P.M., and "Jane Doe" Morgan, husband and wife, Respondents.
No. 30932-7-II.
Court of Appeals of Washington, Division 2.
April 19, 2005.
Publication Ordered June 1, 2005.
*532 Jay Donald O'Sullivan, O'Sullivan & Blotch, William Robert Hickman, Reed McClure, Seattle, WA, for Respondent.
Kenneth Wendell Masters, Attorney at Law, Bainbridge Island, WA, Stephen Louis Bulzomi, Messina/Bulzomi, University Place, WA, for Appellants.
HOUGHTON, J.
¶ 1 Russell Garrett, as Trustee of the bankrupt estates of Rebecca and Thomas Davis, appeals from a trial court ruling that judicial estoppel precludes the Trustee from pursuing the Davises' personal injury claims against Bruce Morgan, D.P.M. We affirm.

FACTS
¶ 2 In May 1997, the Davises filed a Chapter 7 bankruptcy petition. In June 1997, they filed a personal injury lawsuit against Morgan based on the medical care he provided to Rebecca Davis between 1994 and 1996.
¶ 3 In the statement of damages in their negligence lawsuit against Morgan, the Davises claimed $7,625.80 in special damages and $5,000,000 in general damages. They did not list this claim in their bankruptcy schedules and during their creditors' meeting; *533 they further denied having any future personal injury claims. The bankruptcy court closed their case as a "no asset" one and discharged their debts.
¶ 4 In June 2000, Morgan filed a Chapter 7 bankruptcy. The Davises sought and obtained relief from an automatic bankruptcy stay because Morgan's professional negligence insurance provided a source of damages recovery.
¶ 5 In April 2001, Morgan moved for summary judgment of dismissal of the Davises' lawsuit, arguing that the doctrine of judicial estoppel precluded them from seeking compensation. The Davises responded by obtaining leave to reopen their bankruptcy case in order to schedule their negligence claims against Morgan.
¶ 6 The bankruptcy court granted the Davises' motion and in June 2001, it appointed a Trustee to substitute as the party-plaintiff in an action against Morgan. It also scheduled the claim. Morgan then renewed his summary judgment motion.
¶ 7 Before ruling on the summary judgment motion, the trial court set an evidentiary hearing to determine whether the Davises intentionally failed to disclose their claim to the bankruptcy court. The Trustee moved to strike the hearing, arguing that when the bankruptcy court reopened the case, scheduled the negligence claim, and ordered the Trustee to start litigation, it rendered Morgan's judicial estoppel argument moot. The trial court denied the Trustee's motion.
¶ 8 The matter proceeded to the evidentiary hearing. The trial court found that Rebecca Davis falsely denied a potential claim and intentionally failed to disclose it. The trial court then concluded that judicial estoppel barred the Trustee, who stood in the Davises' shoes, from pursuing the lawsuit against Morgan. The Trustee appeals from the trial court's order granting Morgan summary judgment dismissing the Davises' claims.

ANALYSIS

Standard of Review
¶ 9 In reviewing a summary judgment order, we place ourselves in the same position as the trial court, and we consider the facts in a light most favorable to the nonmoving party. Cunningham v. Reliable Concrete Pumping, Inc., 126 Wash.App. 222, 108 P.3d 147, 150 (2005). In a summary judgment motion, the moving party bears the initial burden of showing the absence of an issue of material fact. Cunningham, 108 P.3d at 149.
¶ 10 We review the trial court's application of judicial estoppel for an abuse of discretion. Cunningham, 108 P.3d at 150. A court abuses its discretion when it bases its decision on untenable grounds or reasons. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971).

Judicial Estoppel
¶ 11 Judicial estoppel arises in equity and serves to preclude a party from gaining an advantage by asserting one position before a court and then later taking a clearly inconsistent position before the court. Cunningham, 108 P.3d at 148. A court may invoke judicial estoppel either to prevent a party from gaining an advantage by taking inconsistent positions or to maintain the dignity of judicial proceedings. Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir.2001). Only in some limited circumstances does judicial estoppel not apply, such as where the party can reasonably explain the differing positions. In re Daniel, 205 B.R. 346, 349 (1997).
¶ 12 In deciding whether to apply judicial estoppel, a court considers three factors: (1) whether the party's later position clearly conflicts with its earlier one, (2) whether the party persuaded a court to accept its early position such that its acceptance of an inconsistent position in a later proceeding creates the perception that the party misled either the first or the second court, and (3) whether the party derives an unfair advantage over or imposes an unfair detriment on the opposing party if not estopped. New Hampshire v. Maine, 532 U.S. 742, 750-51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).
¶ 13 We begin our analysis by noting that the Bankruptcy Code and court *534 rules impose on the debtor an express, affirmative duty to disclose all assets, including contingent and unliquidated claims. Cunningham, 108 P.3d at 151. A debtor must list potential causes of action, even when lacking knowledge about the likelihood of success. Cunningham, 108 P.3d at 151. In the bankruptcy context, judicial estoppel can preclude a debtor from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements. Hamilton, 270 F.3d at 783.
¶ 14 The Trustee first argues that when the bankruptcy court reopened the Davises' bankruptcy and scheduled their claim against Morgan, it eliminated any inconsistent position that the Davises maintained. We disagree.
¶ 15 In Hamilton, the Ninth Circuit Court of Appeals affirmed the application of judicial estoppel to bar Hamilton's undisclosed pre-petition claim against his insurer even after the bankruptcy court vacated the discharge. 270 F.3d at 784. The Court determined that Hamilton asserted inconsistent positions when he failed to list his insurance claim and then later sued the insurer on the same claims. Hamilton, 270 F.3d at 784. The Court noted:
We now hold that Hamilton is precluded from pursuing claims about which he had knowledge, but did not disclose, during his bankruptcy proceedings, and that a discharge of debt by a bankruptcy court, under these circumstances, is sufficient acceptance to provide a basis for judicial estoppel, even if the discharge is later vacated.

Hamilton, 270 F.3d at 784 (emphasis added).
¶ 16 Similarly, Division Three noted:
A Chapter 7 debtor ... could well be precluded from pursuing an undisclosed pre-petition, personal injury lawsuit, if the debtors case was closed as a "no asset" case. By not disclosing the asset, the debtor keeps an asset that may have created a dividend for the debtor's unsecured creditors. By closing the case as a "no asset" case, the court implicitly accepts the debtor's position, as stated in the debtor's bankruptcy schedules, that the liquidation of the debtor's nonexempt assets would not create a dividend for unsecured creditors.[1]
Johnson v. Si-Cor Inc., 107 Wash.App. 902, 909, 28 P.3d 832 (2001).
¶ 17 Here, it is undisputed that the Davises had a personal injury claim against Morgan that they initially failed to disclose before being discharged from their debts. That the bankruptcy court later vacated the discharge remains irrelevant to the application of judicial estoppel here.[2]Hamilton, 270 F.3d at 784.
*535 ¶ 18 The Trustee also argues that Morgan may not raise the judicial estoppel bar because he was not a creditor of or otherwise involved in the Davises bankruptcy estate. We disagree. As noted in Johnson, because judicial estoppel seeks to protect courts and not parties, the doctrine may be applied even if the inconsistent actions involve different parties or, in the absence of reliance, damage or final judgment in the first action. Johnson, 107 Wash.App. at 908, 28 P.3d 832.
¶ 19 The Trustee further argues that when the bankruptcy court reopened the Davises' case, it relieved the trial court of its authority to judicially estop their negligence action. Again, we disagree.
¶ 20 In the Matter of James R. Dewberry, 266 B.R. 916 (Bankr.S.D.Ga. Aug.30, 2001), illuminates the issue here. Shortly before filing his petition for discharge in a Chapter 7 bankruptcy case, Debtor Dewberry lodged an Equal Employment Opportunity Commission age discrimination complaint against his employer, Atlanta Gas Light Company (AGL). Dewberry, 266 B.R. at 917. Dewberry failed to list the potential claim as an asset in his schedules and received a "no asset" discharge in 2000. Dewberry, 266 B.R. at 917. Later, Dewberry sued his employer who asserted that judicial estoppel applied. Dewberry, 266 B.R. at 918. Dewberry responded by obtaining a bankruptcy court order reopening his case to amend the schedules and list the discrimination claim. In granting Dewberry's motion to reopen, the bankruptcy court noted:
[A]n underlying assumption on the part of Debtor and AGL is that granting the Motion to Reopen will emasculate AGL's assertion of judicial estoppel in the United States District Court action....
This assumption, however, is incorrect. Judicial estoppel is a doctrine employed to protect the integrity of the judiciary.... [I]f the principle is invoked to protect the integrity of the judiciary, then it must be invoked in the Court in which the apparent self-serving contradiction occurred and in which the defense is first asserted. As such, it is not for this Court to anticipate that Debtors prior conduct in this forum was of such a character as to warrant the "death penalty" to his subsequent United States District Court case.... I hold that the Court where the age discrimination case is pending has exclusive jurisdiction to conclude whether Debtors conduct here was so tainted as to warrant imposition of the rule in the case pending there.
....
In this case, the Court in which the discrimination case is pending is fully equipped to view the Debtor's actions ... and reach a conclusion as to whether judicial estoppel should apply.
Dewberry, 266 B.R. at 920-21 (citations omitted).
¶ 21 Similarly here, although the bankruptcy court reopened the Davises' bankruptcy case, their pending personal injury action allowed the superior court to be "fully equipped to ... reach a conclusion as to whether judicial estoppel should apply." Dewberry, 266 B.R. at 921. Therefore, the only question remaining before us is whether the trial court abused its discretion in applying judicial estoppel as a bar in this case. Cunningham, 108 P.3d at 150 (citing Hamilton, 270 F.3d 778).
¶ 22 Here, the trial court found:
1. Rebecca and Thomas Davis knew the personal injury lawsuit against Dr. Morgan was filed on June 5, 1997....
2. Rebecca Davis knew that she had a medical malpractice claim against Dr. Morgan sometime prior to June 5, 1997.
3. On June 27, 1997, Rebecca Davis denied under oath in the Bankruptcy Court any knowledge of that personal injury claim;
4. At the time that denial was made, Rebecca Davis knew it was false.
5. There was an intentional failure by Rebecca Davis to Disclose the existence of her personal injury lawsuit against the defendants [sic] to the Bankruptcy Court.
6. The Bankruptcy Court accepted Rebecca Davises' [sic] representations and closed the case as a no asset bankruptcy *536 and discharged Rebecca and Thomas Davis in bankruptcy.
Clerk's Papers at 466. Based on these findings, the trial court ruled that judicial estoppel bars the Davises' claims. The court exercised its broad discretion and properly applied judicial estoppel here.
¶ 23 Affirmed.
We concur: QUINN-BRINTNALL, C.J. and MORGAN, J.
NOTES
[1] The Trustee cites Johnson v. Si-Cor Inc., 107 Wash.App. 902, 28 P.3d 832 (2001), to support his argument. Johnson does not apply here. The Johnson court rejected judicial estoppel because the cause of action in Johnsons lawsuit accrued after he filed for Chapter 13 relief. 107 Wash.App. at 904-05, 911, 28 P.3d 832. Here, no one disputes that the Davises knew their claims against Morgan arose before the Davises filed for Chapter 7 relief. See 11 U.S.C.A. 521.
[2] But see Dunmore v. United States, 358 F.3d 1107, 1113 n. 3 (2004) and In re An-Tze Cheng, 308 B.R. 448, 455 (9th Cir.BAP2004), where judicial estoppel was not directly at issue. In dicta, the Dunmore court noted:

Dunmore's prior omission of his tax refund claims during his Chapter 7 bankruptcy would ordinarily act as judicial estoppel against his asserting those very same claims against the Government. However, rather than invoking judicial estoppel, District Judge Patel remedied Dunmore's inconsistent assertions by allowing him to reopen his bankruptcy case, thereby giving the bankruptcy trustee an opportunity to administer the unscheduled claims. This approach prevented Dunmore from having his cake and eating it too: Dunmore risked that the trustee would retain, rather than abandon, the refund claims. This approach was a permissible alternative to judicial estoppel that prevented Dunmore from deriving an unfair advantage if not estopped. Thus, albeit cumbersome, this approach prevented Dunmore from whipsawing the Government by undoing the effect of his omission of claims from his bankruptcy schedule.
358 F.3d at 1113 n. 3 (citations omitted). And in dicta, the An-Tze Cheng court noted: "[I]t would be extraordinary for the trustee in the garden-variety bankruptcy to be estopped on account of something the debtor did for its own account during the case. The effect on the trustee of the debtor's prepetition acts is a different question." 308 B.R. 448, 455 and footnote 2.