138 P.3d 1103 (2006)
Faye C. BARTLEY-WILLIAMS and Ronnie C. Williams, wife and husband, and the marital community composed thereof, Appellant,
v.
Reginald KENDALL, M.D., Respondent.
No. 56592-3-I.
Court of Appeals of Washington, Division 1.
July 17, 2006.
*1104 Faye C. Bartley-Williams, Auburn, WA, Ronnie Williams, Oakland, CA, Daniel E. Forsch, Edmonds, WA, for Appellant.
David J. Corey, Rebecca S. Ringer, Kingman, Peabody, Fitzharris & Ringer, Seattle, WA, for Respondent.
COLEMAN, J.
¶ 1 Faye Bartley-Williams and Ronnie Williams failed to list a medical malpractice suit against Reginald Kendall among their assets when they filed for Chapter 7 bankruptcy. They received a bankruptcy discharge. Kendall moved for summary judgment. The Williamses moved to substitute the bankruptcy trustee as plaintiff. The superior court granted summary judgment and dismissed the lawsuit. We reverse the summary judgment dismissing the lawsuit and remand for further proceedings consistent with this decision.

FACTS
¶ 2 In October 2003, Faye Bartley-Williams and Ronnie Williams brought a medical malpractice suit against Reginald Kendall, M.D. In June 2004, the Williamses filed a petition for Chapter 7 bankruptcy. They did not list the lawsuit in the schedule of personal property. In the category of "[o]ther contingent and unliquidated claims of every nature," they checked "none." The United States Bankruptcy Court granted a discharge in September 2004.
¶ 3 Kendall moved for summary judgment in May 2005 on the grounds that the Williamses did not disclose the lawsuit as an asset in their bankruptcy proceedings and that they therefore lacked standing to continue the suit. The Williamses moved to substitute bankruptcy trustee Daniel E. Forsch as plaintiff in their suit against Kendall. On June 6, 2005, Kendall filed a response concurring that the trustee was the real party in interest.
¶ 4 On the next day, however, Kendall filed a supplemental brief opposing the substitution and arguing that summary judgment should be granted on the grounds of judicial estoppel. Kendall's supplemental brief relied almost exclusively upon the decision of Division Two of this court in Garrett v. Morgan, 127 Wash.App. 375, 112 P.3d 531 (2005). The superior court granted Kendall's motion and dismissed the lawsuit with prejudice. The court noted that it did not rule on the motion to substitute "since the court's ruling on the summ[a]ry judgment makes the motion moot. *1105 However, the court notes that the bankruptcy has been re-opened by the Trustee and that the Bankruptcy Trustee Daniel E. Forsch is the real party in interest for purposes of appeal." Bartley-Williams and Forsch appeal.

ANALYSIS
¶ 5 In this decision we analyze the claim by Forsch and the Williamses that the superior court erred in dismissing the lawsuit against Kendall. A lower court's application of the doctrine of judicial estoppel is reviewed for abuse of discretion. Cunningham v. Reliable Concrete Pumping, 126 Wash. App. 222, 227, 108 P.3d 147 (2005).
¶ 6 Judicial estoppel is an equitable doctrine that precludes a party from asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position. Cunningham, 126 Wash.App. at 225, 108 P.3d 147. "The purposes of the doctrine are to preserve respect for judicial proceedings without the necessity of resort to the perjury statutes; to bar as evidence statements by a party which would be contrary to sworn testimony the party has given in prior judicial proceedings; and to avoid inconsistency, duplicity, and ... waste of time." Cunningham, 126 Wash.App. at 225, 108 P.3d 147; Seattle-First Nat'l Bank v. Marshall, 31 Wash.App. 339, 343, 641 P.2d 1194 (1982).
¶ 7 The parties agree that judicial estoppel may apply to parties who accrue legal claims, file for bankruptcy, fail to list the claims among their assets, and then attempt to pursue the claims after the bankruptcy discharge. Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782-86 (9th Cir.2001); DeAtley v. Barnett, 127 Wash. App. 478, 482-84, 112 P.3d 540 (2005); Cunningham, 126 Wash.App. at 227-33, 108 P.3d 147. Under the federal bankruptcy code, a bankruptcy petitioner must disclose pre-petition claims, including contingent and unliquidated claims, in the bankruptcy reorganization plan or in the petitioner's schedules or disclosure statements. 11 U.S.C. § 521(a). A litigant takes inconsistent positions by failing to disclose a pre-petition claim during bankruptcy proceedings and later attempting to pursue that claim. Hamilton, 270 F.3d at 784; Cunningham, 126 Wash.App. at 230, 108 P.3d 147 (following the analysis of Hamilton).
¶ 8 Kendall argues that the superior court correctly applied judicial estoppel to the medical malpractice claim against him and correctly declined to rule on the motion to substitute the trustee as the real party in interest. For support, Kendall cites the Ninth Circuit's decision in Hamilton and this court's decisions in Cunningham, DeAtley, and Garrett. In Hamilton, the Ninth Circuit ruled that judicial estoppel applied to a party who failed to list claims against his insurer in his bankruptcy schedule but brought suit against his insurer on those claims after receiving a bankruptcy discharge. Hamilton, 270 F.3d at 781. In Cunningham, the appellate court upheld the use of judicial estoppel against parties who brought suit on a pre-petition claim when the parties failed to disclose the claim during bankruptcy proceedings. Cunningham, 126 Wash.App. at 224-26, 108 P.3d 147. The DeAtley court similarly held that when bankruptcy petitioners failed to disclose a pre-petition right of first refusal and received a bankruptcy discharge on the underlying contract obligation, judicial estoppel could act to block postdischarge claims on the right of first refusal. DeAtley, 127 Wash.App. at 482-85, 112 P.3d 540. In Garrett, the court ruled that when bankruptcy petitioners intentionally failed to disclose a claim in their bankruptcy schedules and subsequently received a discharge of their debts, judicial estoppel could prohibit the bankruptcy trustee, who stood in the shoes of the petitioners, from pursuing the claim. Garrett, 127 Wash.App. at 377-78, 381-383, 112 P.3d 531.
¶ 9 Hamilton, Cunningham, and DeAtley, however, are distinguishable. In those cases, the legal claims were being maintained for the benefit of parties who had taken inconsistent positions. In the first decision, Hamilton filed his lawsuit after the bankruptcy trustee successfully moved the bankruptcy court to dismiss his bankruptcy and vacate the discharge of his debts. Hamilton, 270 F.3d at 781. The dismissal of Hamilton's *1106 bankruptcy and the vacation of the discharge of his debts had the effect of transferring Hamilton's claim from the bankruptcy estate back to the petitioner. A dismissal of a bankruptcy case revests property of the estate to the original holder of the property. 11 U.S.C. § 349(b)(3). Hamilton therefore brought suit for his own benefit, not for the benefit of his bankruptcy estate or his creditors.
¶ 10 In Cunningham, the trustee of the Cunninghams' bankruptcy reopened the bankruptcy case upon learning of the Cunninghams' personal injury claim and revoked the no-distribution report. Cunningham, 126 Wash.App. at 226, 108 P.3d 147. But there is no suggestion that the trustee asserted any position on behalf of the estate or that anyone sought to substitute the trustee as the real party in interest. Cunningham, 126 Wash.App. at 226, 108 P.3d 147. The action therefore was maintained by the Cunninghams.
¶ 11 In DeAtley, as well, there is no indication that the trustee asserted a legal position on behalf of the estate or sought to be substituted as the real party in interest. The claim in DeAtley was therefore maintained by the DeAtleys, not the trustee of their bankruptcy estate. The courts in Hamilton, Cunningham, and DeAtley therefore had discretion to apply judicial estoppel in order to prevent Hamilton, the Cunninghams, and the DeAtleys from enjoying the benefit of their inconsistent positions. In this matter, however, Bartley-Williams moved the court to substitute the trustee as plaintiff in the lawsuit against Kendall. If the trustee had been substituted as the plaintiff, the claim against Kendall would have proceeded for the benefit of the creditors of the Williamses' bankruptcy estate.
¶ 12 While the circumstances in Garrett are more similar to the circumstances of this dispute, we decline to adopt the reasoning of that decision. The Garrett court did not adequately consider the difference in position between a bankruptcy petitioner who failed to list a pre-petition claim and the trustee of the bankruptcy estate. Under the federal bankruptcy code, the commencement of a bankruptcy case creates a bankruptcy estate. 11 U.S.C. § 541(a). The bankruptcy estate encompasses the debtor's legal and equitable interests in property "as of the commencement of the case." 11 U.S.C. § 541(a)(1). Property of the estate that is not abandoned and not administered remains property of the estate even after the estate closes. 11 U.S.C. § 554(d). When a debtor fails to list a legal claim in bankruptcy proceedings and the case is subsequently re-opened, "there is no debate" that the bankruptcy trustee is the real party in interest, not the debtor. Sprague v. Sysco Corp., 97 Wash.App. 169, 172, 982 P.2d 1202 (1999). A bankruptcy trustee occupies a different position than the bankrupt.
¶ 13 The Garrett court read Hamilton as approving the application of judicial estoppel against the bankruptcy trustee. Garrett, 127 Wash.App. at 380-81, 112 P.3d 531. The Garrett court emphasized that judicial estoppel was applied after Hamilton's bankruptcy discharge was vacated. Garrett, 127 Wash. App. at 380, 112 P.3d 531 (citing Hamilton, 270 F.3d at 784). But the Garrett court did not address the central difference between Garrett and Hamilton. The bankruptcy court in Garrett reopened the bankruptcy case and appointed Garrett, the bankruptcy trustee, as the plaintiff in the bankruptcy petitioners' lawsuit. Garrett, 127 Wash.App. at 377-78, 112 P.3d 531. The lawsuit therefore remained part of the bankruptcy estate. In Hamilton, however, the bankruptcy court dismissed the bankruptcy and vacated the discharge of Hamilton's debts. Hamilton, 270 F.3d at 781. The dismissal of the bankruptcy case and the vacation of the discharge revested the claim in Hamilton. 11 U.S.C. § 349(b)(3). Yet the Garrett court did not analyze the distinction between the reopening of a bankruptcy case and the dismissal of a bankruptcy case. Moreover, Garrett was not the party who took the original inconsistent position by failing to disclose a pre-petition claim. Garrett, 127 Wash.App. at 377-78, 112 P.3d 531. Instead, Garrett was the trustee of the bankruptcy estate for the Davises, who were the parties who did not list their pre-petition claim during their bankruptcy. Garrett, 127 Wash.App. at 377-78, 112 P.3d 531. In Hamilton, Hamilton *1107 was the party who maintained inconsistent positions. Hamilton, 270 F.3d at 781. Judicial estoppel properly barred Hamilton from pursuing a pre-petition claim that he did not disclose during bankruptcy proceedings. Hamilton, 270 F.3d at 781-84. But Hamilton and other cases cited in Garrett do not support the principle that judicial estoppel applies to a bankruptcy trustee for an inconsistent position taken by a different party.
¶ 14 Bartley-Williams and Forsch argue that the application of judicial estoppel to the bankruptcy trustee raises new considerations of fairness and equity. We agree. To prohibit the trustee from pursuing the claim on behalf of the estate may create a windfall for the party seeking to invoke judicial estoppel at the expense of the bankruptcy creditors. See Cheng v. K & S Diversified Invs., Inc., 308 B.R. 448, 459-60 (B.A.P. 9th Cir. 2004). While the facts of Cheng are distinguishable, the bankruptcy court noted that the application of judicial estoppel to a situation that first appears to be a two-party dispute "may be complicated by the effect that the result will have on others." Cheng, 308 B.R. at 460. In the typical judicial estoppel situation in which "the debtor `forgets' to schedule a cause of action and then remembers to pursue it after the bankruptcy is over," the correct solution "is often to reopen the bankruptcy case and order the appointment of a trustee who, as owner of the cause of action, can determine whether to deal with the cause of action for the benefit of the estate." Cheng, 308 B.R. at 460 (citations omitted).
¶ 15 Because Garrett failed to properly distinguish between the reopening and the dismissal of a bankruptcy case or between a bankruptcy petitioner and a bankruptcy trustee, we decline to follow that decision. We reverse the summary judgment dismissing the suit against Kendall and remand for consideration of the motion to substitute Forsch as the real party in interest. We affirm the application of the doctrine of judicial estoppel to the Williamses so as to bar them from receiving any benefit from the suit in the event of a recovery.
¶ 16 In summary, we reverse the summary judgment dismissing the suit against Kendall and remand for further proceedings.
WE CONCUR: SCHINDLER, A.C.J., and BECKER, J.