[No. 25445-3-III.   Division Three.   September 11, 2007.]

JAMES MCFARLING, *Appellant*, v. CRYSTAL EVANESKI
ET AL., *Respondents*.

*Dustin D. Deissner* (of *Van Camp & Deissner*), for appellant.
*David B. Hansen*, for respondents.

¶1 SWEENEY, C.J. — Judicial estoppel prohibits a party from taking one position in a court proceeding and then a contrary position in a later proceeding for his own advantage. So a debtor who fails to disclose a claim for personal injuries in a bankruptcy proceeding cannot later assert that claim in a different court. And this is what the plaintiff did here. The trial judge then dismissed his complaint based on judicial estoppel. We conclude that this was a proper application of the doctrine and affirm the dismissal.

## FACTS

¶2 Crystal Evaneski drove her car into the rear of James McFarling's car on August 27, 2004. Mr. McFarling was injured.

¶3 Mr. McFarling filed a chapter 7 bankruptcy petition on October 27, 2004. He did not list the personal injury claim in the bankruptcy proceeding. The bankruptcy court concluded Mr. McFarling had no assets and discharged his debts on January 26, 2005.

¶4 Mr. McFarling's chiropractor had treated him 31 times by the date of the discharge.

¶5 Mr. McFarling brought this suit for personal injuries on October 26, 2005. Ms. Evaneski moved to dismiss the suit based on judicial estoppel because Mr. McFarling failed

to list his personal injury claim as an asset of the bankruptcy estate. The court agreed and summarily dismissed the suit.

## DISCUSSION

¶6 We review a summary judgment order de novo. *Aba Sheikh v. Choe*, 156 Wn.2d 441, 447, 128 P.3d 574 (2006). Summary judgment is proper when the only question before the court is one of law. *Better Fin. Solutions, Inc. v. Transtech Elec., Inc.*, 112 Wn. App. 697, 702-03, 51 P.3d 108 (2002). We review a trial judge's application of the doctrine of judicial estoppel to the facts of a case for abuse of discretion. *Arkison v. Ethan Allen, Inc.*, 160 Wn.2d 535, 538, 160 P.3d 13 (2007).

JUDICIAL ESTOPPEL FOLLOWING BANKRUPTCY

¶7 Judicial estoppel is an equitable doctrine. It precludes a party from asserting one position in a court proceeding and later seeking an advantage by taking an inconsistent position in another court. *Id.* " 'The purposes of the doctrine are to preserve respect for judicial proceedings without the necessity of resort to the perjury statutes . . . and to avoid inconsistency, duplicity, and . . . waste of time.' " *Cunningham v. Reliable Concrete Pumping, Inc.*, 126 Wn. App. 222, 225, 108 P.3d 147 (2005) (second alteration in original) (internal quotation marks omitted) (quoting *Johnson v. Si-Cor, Inc.*, 107 Wn. App. 902, 906, 28 P.3d 832 (2001)), *quoted in Arkison*, 160 Wn.2d at 538. It is particularly well suited to protect the integrity of the bankruptcy process:

> "[T]he integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets. The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding. The interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of informa-

tion supplied in the disclosure statements, and the bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete."

*Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001) (emphasis omitted) (quoting *In re Coastal Plains*, 179 F.3d 197, 208 (5th Cir. 1999)).

¶8 So a debtor's failure to disclose a personal injury claim in a bankruptcy proceeding generally precludes a later lawsuit on the same claim under the doctrine of judicial estoppel. *Arkison*, 160 Wn.2d at 539.

¶9 Mr. McFarling does not argue that judicial estoppel *does* not apply in the circumstances here. He instead urges us to change the law. Appellant's Br. at 3.

¶10 Whether the trial judge shall apply judicial estoppel turns on three core factors: (1) inconsistent positions (2) that misled a court and (3) resulted in an unfair advantage or detriment to the opposing party. *Arkison*, 160 Wn.2d at 538-39.

¶11 Each of these factors is met here. And there is no serious argument to the contrary. "Courts may generally apply judicial estoppel to *debtors* who fail to list a potential legal claim among their assets during bankruptcy proceedings and then later 'pursue the claims after the bankruptcy discharge.' " *Id.* at 539 (quoting *Bartley-Williams v. Kendall*, 134 Wn. App. 95, 98, 138 P.3d 1103 (2006)). And that is precisely what happened here. Mr. McFarling's position here is inconsistent with the position he took in the bankruptcy. It misled the bankruptcy court as to his assets. *Cunningham*, 126 Wn. App. at 233-34. And finally, he gained a benefit at the expense of his creditors when he received a "no asset" discharge of his debts. *Id.* at 231, 233.

¶12 Mr. McFarling insists that his failure to disclose his claim in his bankruptcy schedules was inadvertent and urges us to require the defendant to show that the information was purposely withheld. But that is not required. While inadvertence is a relevant consideration,

*see Arkison*, 160 Wn.2d at 539, failure to list an asset is " ' "inadvertent" only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.' " *Cunningham*, 126 Wn. App. at 234 (internal quotation marks omitted) (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1287 (11th Cir. 2002)). Mr. McFarling admits he knew of his claim. Clerk's Papers at 62. Moreover, we agree with the court in *Cunningham* that application of judicial estoppel does not require proof of deliberate intent to mislead. *Cunningham*, 126 Wn. App. at 233-34.

SEGREGATING CLAIMS

¶13 Mr. McFarling next invites us to segregate those losses he incurred after the bankruptcy, and allow his claim to go forward for only those damages he sustained after he declared bankruptcy. We decline the invitation.

¶14 Mr. McFarling relies on *Johnson*, but that case distinguishes between prepetition and postpetition claims, not between prepetition and postpetition damages.

¶15 In *Johnson*, the plaintiff broke a tooth while eating a McDonald's sandwich after he had filed for bankruptcy. *Johnson*, 107 Wn. App. at 904. The claim itself arose after he filed his schedules and was therefore considered afteracquired property not subject to the bankruptcy. *Id.* at 910-11.

¶16 Mr. McFarling has only *one* personal injury claim, which accrued before his bankruptcy petition. The "cause of action" is the act which occasioned the injury, not the damage that flows from the wrong. *Sprague v. Adams*, 139 Wash. 510, 519, 247 P. 960 (1926). A cause of action accrues at the time the act or omission occurs. *Hamilton v. Arriola Bros. Custom Farming*, 85 Wn. App. 207, 211, 931 P.2d 925 (1997). The fact that the injured party's damages may be ongoing does not change the point at which the cause of action accrues. *Id.* at 212.

¶17 Mr. McFarling also argues that *Bartley-Williams* supports allowing his claim "on a proportional basis." Appellant's Br. at 20.

¶18 In *Bartley-Williams*, the plaintiffs failed to list a medical malpractice suit among their assets when they filed for a chapter 7 bankruptcy. *Bartley-Williams*, 134 Wn. App. at 96-97. The case was dismissed on summary judgment after the court refused to substitute the trustee as the named party. *Id.* at 97. The court reversed the summary judgment and remanded for consideration of the motion to substitute the trustee. *Id.* at 102-03. The *Bartley-Williams* court was clear: the plaintiff but not the bankruptcy trustee was estopped from pursuing the claim.

¶19 While *Bartley-Williams* suggests that judicial estoppel, as an equitable doctrine, allows the trial court broad discretion to allow a claim to go forward for the benefit of bankruptcy creditors, but not the debtor, this does not avail Mr. McFarling. He never sought to reopen bankruptcy proceedings or substitute the trustee as the real party in interest to pursue his claim for the benefit of his creditors. Moreover, the trial court heard Mr. McFarling's request to adjust the recovery on his claim rather than dismiss it entirely, but exercised its discretion in favor of dismissal. *Cf. Arkison*, 160 Wn.2d at 541 n.2 (noting discretion of trial court or bankruptcy court to determine extent to which to apply judicial estoppel against debtor). This was not an abuse of discretion.

¶20 Judicial estoppel does not operate to estop Mr. McFarling's claim. It operates to estop him from assuming the inconsistent position necessary to assert it. *Cunningham*, 126 Wn. App. at 227-30; Rand G. Boyers, Comment, *Precluding Inconsistent Statements: The Doctrine of Judicial Estoppel*, 80 Nw. U. L. Rev. 1244, 1247 (1986). And, unlike in *Arkison* and *Bartley-Williams*, there was no attempt to involve the bankruptcy trustee in this suit.

PERSONAL EXEMPTION—"NO HARM, NO FOUL"

¶21 Finally, Mr. McFarling argues that his recovery on his personal injury claim would have fallen within his $15,000 bankruptcy exemption; creditors would not then have received any of the funds. And so the equitable doctrine of judicial estoppel should not be applied.

¶22 The purpose of judicial estoppel is to encourage respect for the court and to protect the integrity of the judicial process. *Johnson*, 107 Wn. App. at 906; Boyers, *supra*, at 1248. And it avoids inconsistency, duplicity, and waste of time. *King v. Clodfelter*, 10 Wn. App. 514, 519, 518 P.2d 206 (1974).

¶23 Judicial estoppel is not a decision on the merits such that harmless error is a step in the analysis. We, therefore, need not decide whether Mr. McFarling would have had an applicable exemption in bankruptcy. In sum, whether Mr. McFarling would have had an applicable bankruptcy exemption for his personal injury claim is irrelevant to our inquiry.

¶24 We affirm the summary dismissal of his claim.

SCHULTHEIS and STEPHENS, JJ., concur.