196 P.3d 170 (2008)
Dennis R. and Deborah BALDWIN, husband and wife, d/b/a B & D Construction, Plaintiffs,
v.
Thomas J. SILVER and Robin G. Silver, husband and wife, Appellants,
Farmers Insurance of Washington, a corporation, Respondent.
No. 26793-8-III.
Court of Appeals of Washington, Division 3.
November 18, 2008.
*171 George Roy Guinn, Attorney at Law, Spokane, WA, for Appellants.
Thomas Lether, Morgan Emmerton Smith, Cole Lether Wathen & Leid PC, Seattle, WA, for Respondent.
SWEENEY, J.
¶ 1 The equitable doctrine of judicial estoppel precludes, among other things, a party from later asserting a claim that it failed to list in bankruptcy schedules. Here, the appellants listed a claim in the statement of affairs section of their bankruptcy schedules but not in the statement of assets section of those same schedules. They now assert that claim in this litigation. We conclude, as a matter of law, that listing the claim in the statement of affairs section was sufficient to avoid the strictures of the judicial estoppel doctrine and we reverse the trial judge's decision to the contrary.

FACTS
¶ 2 Thomas and Robin Silver filed a claim for damages with their insurer, Farmers Insurance of Washington, following an April 2006 house fire. The Silvers hired Dennis and Deborah Baldwin, d/b/a B & D Construction, to perform some of the repairs to their home. B & D sued the Silvers and Farmers in August 2006 for payment. The Silvers answered B & D's complaint and crossclaimed against Farmers for breach of their insurance contract. The Silvers amended their crossclaim in December 2006 to allege promissory estoppel, bad faith insurance practices, and violation of the Consumer Protection Act, chapter 19.86 RCW.
¶ 3 Meanwhile, in October 2006, Farmers settled with B & D for $6,225.74. B & D assigned their rights against the Silvers to Farmers as part of that settlement. Farmers answered the Silvers' complaint in February 2007 and crossclaimed for the amount Farmers had paid B & D, $6,225.74. Farmers asserted that it had already paid the Silvers for the repair work performed by B & D. Farmers claimed that the Silvers failed to use that money to pay B & D.
*172 ¶ 4 The Silvers filed for chapter 7 bankruptcy in February 2007. Their bankruptcy attorney prepared their bankruptcy petition. He did not list the crossclaim against Farmers as an asset in the "Schedule B  Personal Property" section of the bankruptcy form. Clerk's Papers (CP) at 155. The petition did, however, list that crossclaim in the "Statement of Affairs" section of the bankruptcy schedules. The bankruptcy court granted the Silvers a discharge in May 2007.
¶ 5 Farmers moved the superior court for summary dismissal of the Silvers' crossclaim in August 2007 based in part on the equitable doctrine of judicial estoppel because the Silvers failed to list their claims against Farmers as an asset in then-bankruptcy. The court concluded that judicial estoppel applied and dismissed the Silvers' claims against Farmers with prejudice.

DISCUSSION
¶ 6 The precise question before us is whether listing a potential claim in the statement of affairs section of bankruptcy schedules but failing to list that potential claim in the assets section of those schedules is sufficient to invoke the equitable doctrine of judicial estoppel. The elements necessary to satisfy the requirements of judicial estoppel are well settled. McFarling v. Evaneski, 141 Wash.App. 400, 404, 171 P.3d 497 (2007). The only question here is whether Farmers has met those criteria. That is, then, a question of law and so our review is de novo. Niemann v. Vaughn Cmty. Church, 154 Wash.2d 365, 374, 113 P.3d 463 (2005). There are, moreover, no disputed issues of material fact here and so for that reason also our review is de novo. Timberline Air Serv., Inc. v. Bell Helicopter-Textron, Inc., 125 Wash.2d 305, 311, 884 P.2d 920 (1994).
¶ 7 Judicial estoppel is an equitable remedy calculated to prevent "a party from gaining an advantage by asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position." Cunningham v. Reliable Concrete Pumping, Inc., 126 Wash.App. 222, 224-25, 108 P.3d 147 (2005). The doctrine aims to "`preserve respect for judicial proceedings without the necessity of resort to the perjury statutes; to bar as evidence statements by a party which would be contrary to sworn testimony the party has given in prior judicial proceedings; and to avoid inconsistency, duplicity, and waste of time.'" Johnson v. Si-Cor, Inc., 107 Wash.App. 902, 906, 28 P.3d 832 (2001) (quoting Seattle-First Nat'l Bank v. Marshall, 31 Wash.App. 339, 343, 641 P.2d 1194 (1982)). A court may properly apply judicial estoppel when the following elements are shown: (1) a party asserts a position that is "clearly inconsistent" with an earlier position; (2) judicial acceptance of the inconsistent position would indicate that either the first or second court was misled; and (3) "`the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party.'" Arkison v. Ethan Allen, Inc., 160 Wash.2d 535, 538-39, 160 P.3d 13 (2007) (quoting New Hampshire v. Maine, 532 U.S. 742, 750-51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)).
¶ 8 A number of Washington state and federal cases establish that judicial estoppel "may apply to parties who accrue legal claims, file for bankruptcy, fail to list the claims among their assets, and then attempt to pursue the claims after the bankruptcy discharge." Ingram v. Thompson, 141 Wash.App. 287, 291, 169 P.3d 832 (2007).[1]
¶ 9 The Silvers urge us to distinguish the line of cases holding judicial estoppel appropriate *173 where the debtor has previously failed to include the lawsuit as an asset in bankruptcy proceedings. They argue that this case is closer to those cases that find the application of judicial estoppel to be improper where the debtor did disclose the unliquidated claim in bankruptcy, albeit with some sort of flaw. See Ingram, 141 Wash.App. 287, 169 P.3d 832; Cusano v. Klein, 264 F.3d 936 (9th Cir.2001).
¶ 10 Washington and Ninth Circuit Court of Appeals cases have applied the doctrine where a party asserts an inconsistent position by not listing a cause of action in bankruptcy filings and later bringing a lawsuit on that cause of action. Cunningham, 126 Wash.App. at 228, 108 P.3d 147. Oral disclosure of the claim to the bankruptcy trustee is not enough. Id. at 229, 108 P.3d 147.
¶ 11 The Silvers claim that pursuing their crossclaim against Farmers is not inconsistent with their position before the bankruptcy court because they gave notice of the claim by referring to it in the statement of affairs in their chapter 7 bankruptcy petition. And they also assert that their attorney orally informed the bankruptcy trustee of the crossclaim.
¶ 12 A bankruptcy court is deemed to have "accepted" a litigant's inconsistent position when that court discharges the debtor's debt without knowledge of the prepetition cause of action. Id. at 231, 108 P.3d 147. Farmers relies on Cunningham. But there the litigant completely failed to disclose the claim in his bankruptcy filings. See id. at 228, 108 P.3d 147. That did not happen here.
¶ 13 Ingram is closer to the facts here. In Ingram we concluded that there was "a substantial difference between nondisclosure and a disclosure undervaluing an asset." Ingram, 141 Wash.App. at 291, 169 P.3d 832. We concluded that the bankruptcy court had not "accepted" the bankrupt's position that no prepetition claim existed simply because the bankruptcy petition was incorrectly completed. Id. at 293, 169 P.3d 832.
¶ 14 The federal bankruptcy code imposes an express, affirmative duty on bankruptcy petitioners to disclose prepetition claims in the bankruptcy reorganization plan or in the petitioner's schedules or disclosure statements. Bartley-Williams v. Kendall, 134 Wash.App. 95, 98, 138 P.3d 1103 (2006) (citing 11 U.S.C. § 521(a)). And while some cases refer specifically to the requirement that the claim be disclosed in the bankruptcy "schedules,"[2] others refer simply to "bankruptcy proceedings."[3] We hold that "proceedings" include the statement of affairs and here the claim was set out in the statement of affairs.
¶ 15 Several cases recognize that judicial estoppel "may not apply in cases of simple error or ... manipulation." Skinner v. Holgate, 141 Wash.App. 840, 853-54, 173 P.3d 300 (2007). But we find none that actually applied that exception. We need not address that issue, however, given our holding here that the record does not support "concealment," the first element. See, e.g., Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 793, 719 P.2d 531 (1986).
¶ 16 The equitable doctrine of judicial estoppel does not apply here. We reverse the trial court and remand for further proceedings.
WE CONCUR: SCHULTHEIS, C.J., and BROWN, J.
NOTES
[1] See also Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 784 (9th Cir.2001) (mailing a notice of the pending claim to the bankruptcy trustee was insufficient to escape judicial estoppel); Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir.1992) (failure to give notice of a potential claim in bankruptcy schedules and disclosure statements estops the debtor from pursuing that lawsuit); Arkison, 160 Wash.2d at 541, 160 P.3d 13 (trial court may not generally apply judicial estoppel against a bankruptcy trustee standing as a real party in interest for the debtor who failed to disclose the claim during bankruptcy proceedings); McFarling, 141 Wash.App. 400, 171 P.3d 497 (party who failed to disclose his personal injury claim during chapter 7 bankruptcy was properly estopped from pursuing his personal injury suit); Cunningham, 126 Wash.App. 222, 108 P.3d 147 (debtor's failure to list his personal injury action in his bankruptcy schedules meets the judicial estoppel criteria).
[2] Cunningham, 126 Wash.App. at 229, 108 P.3d 147: Skinner v. Holgate, 141 Wash.App. 840, 853, 173 P.3d 300 (2007).
[3] Arkison, 160 Wash.2d at 539, 160 P.3d 13; McFarling, 141 Wash.App. at 404, 171 P.3d 497.