166 P.3d 866 (2007)
Robert L. HASLETT, Jr. and Laura Haslett, husband and wife and the marital community comprised thereof, Appellants,
v.
Juanita M. PLANCK and John Doe Planck, wife and husband and the marital community comprised thereof, Respondents.
No. 25467-4-III.
Court of Appeals of Washington, Division 3.
September 11, 2007.
*868 Douglas Dwight Phelps, Phelps & Associates, Spokane, WA, for Appellants.
David B. Hansen, Raymond W. Schutts/Managing Atty., Liberty Lake, WA, for Respondents.
STEPHENS, J.
¶ 1 Robert Haslett, Jr. and Laura Haslett appeal the superior court's order granting summary judgment dismissal of their personal injury action against Juanita Planck. The superior court held that the Hasletts' suit was barred under the doctrine of judicial estoppel because the Hasletts' failed to list this claim as an asset in chapter 13 bankruptcy proceedings filed two years earlier. We hold that the superior court abused its discretion when it dismissed the Hasletts' action. Accordingly, we reverse the superior court and remand for further proceedings.

FACTS
¶ 2 Robert Haslett, Jr. and Juanita Planck were involved in an automobile collision on April 3, 2003. Mr. Haslett sought medical treatment for injuries from the accident and hired a lawyer to represent him in bringing a claim against Ms. Planck.
¶ 3 On April 5, 2004, the Hasletts filed a chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Washington. On May 11, 2004, they filed schedules of their assets and liabilities with the bankruptcy court. Pursuant to the bankruptcy code, a debtor is required to list "contingent and unliquidated claims of every nature," with "claim" defined as any
right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured"
11 U.S.C. § 101(5)(A) (West 2004 and Supp. 2007). The Hasletts did not list their potential claim against Ms. Planck among their assets. The bankruptcy court entered an order confirming the Hasletts' chapter 13 plan on August 20, 2004.
¶ 4 On March 1, 2006, the Hasletts filed this action against Ms. Planck. Ms. Planck brought a motion for summary judgment based on judicial estoppel. The Hasletts then amended their bankruptcy schedules to include the personal injury claim as an asset and provided a copy of the amended schedules to the superior court. The Hasletts and the bankruptcy trustee entered into a stipulation providing that all non-exempt proceeds from this action would be committed to the funding of the chapter 13 plan, and reserving for later determination in the bankruptcy proceedings the question of whether exempt proceeds would also be made available to creditors.
¶ 5 The superior court granted Ms. Planck's motion for summary judgment, concluding that the elements of judicial estoppel were met because the Hasletts took a prior inconsistent position by failing to list their potential personal injury claim, and the bankruptcy court accepted this position when it approved their chapter 13 plan. The court specifically noted that the Hasletts' amendment of their bankruptcy schedules was not appropriate to "undo the doctrine." Report of Proceedings (RP) at 24. The Hasletts appealed.
¶ 6 Subsequent to the filing of this appeal, the trustee in bankruptcy in the Hasletts' chapter 13 proceedings moved to join as a party in interest.

ANALYSIS
A. Motion to Join
¶ 7 Preliminarily we address the motion to join by the bankruptcy trustee, which was brought pursuant to RAP 3.2. Ms. Planck contends that the motion is improper because RAP 3.2 allows only substitution, not joinder, of a real party in interest; that the Hasletts, not the trustee, are the real party in interest; and that the motion is untimely and presents a new issue on appeal. In response, the Hasletts maintain that Ms. Planck lacks standing to challenge the motion, and that it *869 is, in effect, a conditional motion to substitute in the event this court determines that the trustee is the real party in interest.
¶ 8 We regard the motion as a conditional motion to substitute properly brought under RAP 3.2. The dispositive question, then, is who is the real party in interest with respect to this personal injury claim? We agree with both parties that the Hasletts are the real party in interest. As Ms. Planck points out, under a chapter 13 bankruptcy plan the Hasletts' injury claim vested in them and did not pass as an asset to the bankruptcy estate. See 11 U.S.C. § 1327(b) (2004). While the plan was amended by stipulation to include the claim as an asset, the Hasletts remain the owners of the claim, with any recovery subject to the interests of their bankruptcy creditors. Accordingly, we deny the trustee's motion.
B. Judicial Estoppel
¶ 9 Judicial estoppel is an equitable doctrine that precludes a party from taking incompatible positions to his advantage in successive court proceedings. See Johnson v. Si-Cor, Inc., 107 Wash.App. 902, 906-09, 28 P.3d 832 (2001); Philip A. Trautman, Claim and Issue P reclusion in Civil Litigation in Washington, 60 WASH. L.REV. 805, 809-10 (1985) (noting the doctrine is also known as "preclusion of inconsistent positions"). It seeks "`to preserve respect for judicial proceedings without the necessity of resort to the perjury statutes . . . and to avoid inconsistency, duplicity, and the waste of time.'" Johnson, 107 Wash.App. at 906, 28 P.3d 832 (quoting Seattle-First Nat'l Bank v. Marshall, 31 Wash.App. 339, 343, 641 P.2d 1194, review denied, 97 Wash.2d 1023 (1982)). In short, judicial estoppel prevents a litigant from "`playing fast and loose with the courts.'" Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir.2001) (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir.1990), cert. denied, 501 U.S. 1260, 111 S.Ct. 2915, 115 L.Ed.2d 1078 (1991)).
¶ 10 We review a trial court's application of judicial estoppel to the facts of a case for abuse of discretion. Arkison v. Ethan Allen, Inc., 160 Wash.2d 535, 538, 160 P.3d 13 (2007). Where, as here, summary judgment of dismissal is granted based on judicial estoppel, we engage in de novo review of the record to determine if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Id.; Cunningham v. Reliable Concrete Pumping, Inc., 126 Wash.App. 222, 226-27, 108 P.3d 147 (2005).
¶ 11 Our Supreme Court and all three divisions of this court have recognized that judicial estoppel may prevent a party from asserting a claim if the party failed to list the claim as an asset in a prior bankruptcy proceeding. See Arkison, 160 Wash.2d at 539, 160 P.3d 13; Garrett v. Morgan, 127 Wash. App. 375, 379-80, 112 P.3d 531 (2005), overruled on other grounds by Arkison, 160 Wash.2d at 541, 160 P.3d 13; Cunningham, 126 Wash.App. at 227-28, 108 P.3d 147; Johnson, 107 Wash.App. at 908-10, 28 P.3d 832. This is not appropriate in every circumstance, however, and judicial estoppel "is not to be applied inflexibly." Miller v. Campbell, 137 Wash.App. 762, 771, 155 P.3d 154 (2007).
¶ 12 To determine whether estoppel is justified in a particular case, the Washington Supreme Court has identified three "core factors":
(1) whether a "party's later position" is "`clearly inconsistent' with its earlier position"; (2) whether "judicial acceptance of an inconsistent position in a later proceeding would create `the perception that either the first or the second court was misled'"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."
Arkison, 160 Wash.2d at 538-39, 160 P.3d 13 (quoting New Hampshire v. Maine, 532 U.S. 742, 750-51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (internal quotation marks omitted)). These factors are not exhaustive, and "`additional considerations'" may also guide a trial court's decision. Id. at 539, 121 S.Ct. 1808 (quoting New Hampshire, 532 U.S. at 751, 121 S.Ct. 1808); see, e.g., Markley v. Markley, 31 Wash.2d 605, 614-15, 198 P.2d 486 (1948) (identifying six factors that may be relevant when applying judicial estoppel).
*870 ¶ 13 Ms. Planck argues that the trial court properly applied judicial estoppel here because the Hasletts failed to list their personal injury claim at the time they filed their schedule of assets in the bankruptcy proceeding, and they received an advantage when the bankruptcy court accepted their chapter 13 plan.
¶ 14 The Hasletts do not dispute that they took inconsistent positions by failing to list their now-asserted claim. They contend, however, that the bankruptcy court did not "accept" their prior position, and they have neither benefited nor has Ms. Planck or any creditor suffered an unfair detriment because of their inconsistent positions. Central to their argument is the undisputed fact that they amended their bankruptcy schedules to include this claim, and the chapter 13 plan was modified so that any recovery in this action will benefit their creditors.
¶ 15 We agree that this fact is significant under the analysis in Arkison, and distinguishes this case from the typical case in which judicial estoppel precludes a party from pursuing his claim. Significantly, in dismissing the Hasletts' claim the trial court relied on Garrett, concluding that a debtor's "attempt to go back and sort of redo things does not undo the doctrine." RP at 24. The trial court apparently felt constrained by the case law, noting: "And that's sort of interesting to me, but nonetheless, that's what the court says. . . . It doesn't appear that the attempt to amend the schedules some two years after the acceptance by the court, and that's clearly what happens when the plan is confirmed, in my mind, is an appropriate act under the case law." RP at 24-25.
¶ 16 We conclude the trial court abused its discretion, as it erroneously believed it could not consider this relevant factor. In the context of a chapter 13 bankruptcy proceeding, in which the debtor remains in possession of a previously unscheduled claim, it is appropriate for a debtor to amend the bankruptcy schedules to include the claim. Unlike in a chapter 7 bankruptcy, the debtor has not necessarily gained an advantage by failing to disclose an unliquidated claim. See Cunningham, 126 Wash.App. at 231, 108 P.3d 147 (noting chapter 7 debtor gains advantage when bankruptcy court implicitly accepts debtor's representation in granting a "no asset" discharge of debts); accord Johnson, 107 Wash.App. at 909, 28 P.3d 832. Nor has the bankruptcy court necessarily "accepted" the debtor's prior position by confirming the chapter 13 plan, when there is no showing that the undisclosed claim would have affected the payments to creditors.
¶ 17 This is not to say that judicial estoppel is never appropriate in the context of a chapter 13 bankruptcy. As we observed in Johnson, under the right circumstances there may be a strong case for application of the doctrine, as when the debtor gains an advantage because his failure to disclose a claim affects the liquidation analysis by the bankruptcy court in approving the chapter 13 payment plan. Johnson, 107 Wash.App. at 909-10, 28 P.3d 832. There is no claim that the Hasletts' nondisclosure had any such effect, given the contingent, unliquidated nature of the claim.
¶ 18 Moreover, a chapter 13 bankruptcy involves a more fluid process than under chapter 7, and the debtor's payment plan remains subject to modification for the benefit of the creditors, with less disruption than involved in "reopening" a chapter 7 proceeding. Even where correcting a schedule of assets may be cumbersome, however, courts have observed that this is the "correct solution." In re An-Tze Cheng, 308 B.R. 448, 460 (9th Cir.BAP 2004) (noting solution in chapter 7 context is often to re-open bankruptcy case and appoint trustee to pursue claim for benefit of creditors), aff'd, 160 Fed. Appx. 644 (9th Cir.2005); accord Dunmore v. United States, 358 F.3d 1107, 1113 n. 3 (9th Cir.2004); see also Garrett, 127 Wash.App. at 381 & n. 2, 112 P.3d 531 (acknowledging view of other courts that re-opening bankruptcy proceedings is alternative to judicial estoppel). The interests of the bankruptcy creditors must be considered in the equation. As the court in An-Tze Cheng observed:
Viewed as a two-party dispute, imposition of judicial estoppel may be unremarkable, but the typical bankruptcy-related flaw in such analysis is the failure to take into account that an unscheduled cause of action is not the debtor's property and that *871 the victims are the debtor's creditors. The equitable balance compels consideration of whether the economic consequences of a judicial estoppel are borne by third parties.
308 B.R. at 460. While the court made this observation in support of allowing a chapter 7 trustee to pursue a previously unscheduled claim, the impact to innocent third parties also arises in a chapter 13 bankruptcy, where the debtor rather than the trustee has the ability to amend his schedules and pursue a claim.[1] Accordingly, it is appropriate to allow the debtor to pursue a claim that has been listed in amended schedules, and which will potentially benefit the creditors of the bankruptcy estate.

CONCLUSION
¶ 19 We conclude that the trial court abused its discretion when it dismissed the Hasletts' personal injury claim based on an incorrect analysis of judicial estoppel. Despite the plain inconsistency in the Hasletts' positions, the undisputed facts show that no advantage accrued to them nor has Ms. Planck suffered any detriment. Moreover, there was no "acceptance" of the Hasletts' prior position by the bankruptcy court, and the bankruptcy schedules have now been amended to allow that court full opportunity to protect the interests of the Hasletts' creditors in any proceeds of this action. Accordingly, we reverse and remand to the trial court for further proceedings. Because we agree with both parties that the Hasletts are the proper plaintiffs to pursue this claim, we deny the bankruptcy trustee's motion to join.
BROWN and KULIK, JJ.
NOTES
[1] We note that none of the out-of-state cases cited by Ms. Planck in her additional authorities as supporting judicial estoppel in the chapter 13 context involved a debtor who amended bankruptcy schedules to include a previously undisclosed claim. See, e.g., Bohanan v. Bridgestone/Firestone N. Am. Tire, LLC, 2007 WL 1091209 at *1, 2007 U.S. Dist. LEXIS 26615 at *3 (M.D. Tenn. April 10, 2007) (noting, "Plaintiffs have not at any time sought to modify or amend Schedule B or their Statement of Financial Affairs to list their claims against the Defendant as a potential asset."). We also observe that the bankruptcy court and trial court may appropriately determine to limit any benefit to a debtor plaintiff once a previously undisclosed claim is allowed to go forward. See Arkison, 160 Wash.2d at 541 n. 2, 160 P.3d 13.