**In re James William DUFFY, Debtor.**

**Bankruptcy No. 96–32470–GWZ.**

United States Bankruptcy Court,
D. Nevada.

Oct. 21, 1999.

Michael Lehners, Reno, NV, for debtor.

Daniel Corder, Reno, NV, for trustee.

### ORDER GRANTING MOTION TO SELL HOMESTEAD AND MODI-FYING CHAPTER 13 PLAN

BERT M. GOLDWATER, Bankruptcy Judge.

This Chapter 13 case was filed December 5, 1996 and the plan was confirmed on August 13, 1997 for payment of $380 per month for 44 months. The debtor's dwelling in Carson City was scheduled as exempt with a value of $75,000.[1]

1. Nevada has opted out of the Federal exemptions, as permitted by 11 U.S.C. § 522(b), pursuant to NRS 21.090(3). The homestead exemption in Nevada extends only to that amount of equity in the property which does not exceed $125,000. NRS 115.010; NRS 21.090(m).

2. The motion states the amount due under the plan is $7,400. Debtor has agreed to pay from escrow sale the actual amount due of $8,860.37.

3. The application to refinance was withdrawn.

4. (a) Property of the estate includes, in addition to the property specified in section 541 of this title.

Debtor moved to sell the dwelling to a friend who has helped him with personal loans for a sales price which would pay in full the promissory note secured by a first deed of trust due First Mortgage Corporation, the balance due under the plan to the Chapter 13 Trustee,[2] an attorney's fee of $1,000 and the obligation to the friend buyer as a credit on account of loans to the debtor. The purchase price is approximately $40,000.

The Standing Chapter 13 Trustee objects to the sale upon the grounds that the proceeds of the sale are less than the scheduled value of $75,000 as well as less than a prior application to refinance at $60,000[3] and that better efforts to obtain a reasonable sale price would inure to the unsecured creditors under 11 U.S.C. § 1306[4] as property acquired after commencement of the case.

11 U.S.C. § 522(b)(2)(A) defines exempt property which is "exempt under ... state or local law on the date of filing the petition...." *In re Weed,* 221 B.R. 256 (Bankr.D.Nev.1998); *see also In re Lowenschuss,* 202 B.R. 305 (Bankr.D.Nev.1996) *aff'd* 171 F.3d 673 (9th Cir.1999); *In re Sullivan,* 200 B.R. 682 (Bankr.D.Nev.1996) *aff'd* 163 F.3d 607, 1998 WL 668161 (9th Cir.1998).

The debtor's equity not exceeding the statutory amount of the exemption as of the date of filing does not lose its ex-

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

(b) Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate.

empt status and become property of the estate under 11 U.S.C. § 541 because the debtor sells the property. The homestead is property of the estate; the exemption is the debtor's equity in the value. Unless objection be timely made and sustained, the debtor's equity up to $125,000 is exempt. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). The unsecured creditors have no right to reach the exempt equity in the property in bankruptcy and proceeds are exempt to the extent of the exemption, regardless of value.

NRS 115.050 paragraph 2 provides:

2. If it appears, upon the report, to the satisfaction of the judge that the property can be thus divided, he shall order the excess to be sold under execution. If it appears that the property cannot be thus divided, *and the amount of equity held by the claimant in the property exceeds the exemption allowed by this chapter, he shall order the entire property to be sold, and out of the proceeds the sum of $125,000 to be paid to the defendant in execution,* and the excess to be applied to the satisfaction on the execution. No bid under $125,000 may be received by the officer making the sale. (underlining added)

■ It is not for the unsecured creditors to say what the sales price should be unless a showing be made that the equity exceeds $125,000. NRS 115.050 paragraph 1 provides:

1. Whenever execution has been issued against the property of a party claiming the property as a homestead, and the creditor in the judgment makes an oath before the judge of the district court of the county in which the property is situated, *that the amount of equity held by the claimant in the property exceeds, to the best of the creditor's information and belief, the sum of $125,000,* the judge shall, upon notice to the debtor, appoint three disinterested and competent persons as appraisers to estimate and report as to the amount of

equity held by the claimant in the property, and if the amount of equity exceeds the sum of $125,000, determine whether the property can be divided so as to leave the property subject to the homestead exemption without material injury. (underlining added)

These statutory provisions demonstrate that it is the public policy of the state of Nevada that the exemption extends to proceeds up to the exempt amount of $125,000. Should there be an excess of the exempt amount of equity from a sale, the excess amount belongs to the unsecured creditors although the trustee did not file an objection to the claim of exemption. *In re Bronner,* 135 B.R. 645 (9th Cir. BAP 1992). There an exemption was declared for a lawsuit valued at $6,000. The equity exempt for such a lawsuit by statute was $15,800 under 11 U.S.C. § 522(d). The surplus exceeding the exempt amount of $15,800 was available to creditors when the lawsuit was settled for $35,000. Here, neither the value of $75,000 in the schedules nor the allegations of $60,000 in the aborted motion to refinance are controlling; it is the statutory equity exemption of $125,000 in the value which the sale must exceed to pay creditors.

■ Once the debtor is allowed the equity exemption in the value of the exempt homestead, a property right to the amount of the exemption proceeds of the estate reinvests in the debtor and is no longer a part of the bankruptcy estate. *In re Reed,* 940 F.2d 1317 (9th Cir.1991).

It is not claimed here that there is, or could be, any excess over the sum of $125,000 as equity in the value of the exempt homestead. Hence, there can be nothing for the unsecured creditors except the windfall which the debtor voluntarily wishes to make by premature payment of his exempt proceeds to his plan obligations. Nor is the exempt equity in the value "property that the debtor acquires after commencement of the case...." The debtor acquired the equity in the value of

the homestead not exceeding $125,000 on the date of filing the petition and the proceeds of the sale not exceeding equity of the exemption are his to do with consistent with the philosophy of the code for a "fresh start." [5]

The objection of the trustee to the sale and modification of the plan is DENIED; the debtor's motion to sell the exempt homestead for an amount to pay the balance of the existing first deed of trust, plus the balance due the trustee under the plan, plus an attorney's fee of $1,000 to debtor's attorney and modification of the plan accordingly is GRANTED.

---

**5.** In the case of *In re Burgie*, 239 B.R. 406 (9th Cir. BAP 1999) a trustee's motion to modify debtor's confirmed plan to use excess proceeds from the sale of an exempt homestead that was not reinvested in another homestead to increase the dividend to unsecured creditors was denied upon the ground that the sale proceeds were not disposable income under 11 U.S.C. § 1325(b)(2). In fact, the BAP held prepetition capital assets do not create "disposable income" whether or not they qualify under applicable exemption laws. Query: how can the chapter 13 debtor assure creditors that they are receiving as much as they would receive under chapter 7 (11 U.S.C. § 1325(a)(4)) if the prepetition asset is not exempt and the debtor could be compelled to sell it in chapter 7? Therefore, the distinction between exempt and non-exempt assets may, indeed, remain relevant.