**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: SIRFIANI CARLSON,<br><br>             Debtor.<br>───────────────────────<br>JAMES H. MAGEE,<br><br>             Appellant,<br><br>  v.<br><br>MICHAEL G. MALAIER, Attorney,<br>Standing Chapter 13 Trustee; SIRFIANI<br>CARLSON,<br><br>             Appellees. | No. 14-60002<br><br>B.A.P. No. 12-1522-KuDTa<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Dunn, and Taylor, Bankruptcy Judges, Presiding

Submitted May 2, 2016[**]
Seattle, Washington

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: GRABER and BERZON, Circuit Judges, and CURIEL,*** District Judge.

James MaGee appeals from the Bankruptcy Appellate Panel's ("BAP") affirmance of a bankruptcy court's order imposing $2,685 in sanctions and its denial of his motion for reconsideration. Reviewing the bankruptcy court's imposition of sanctions for abuse of discretion, Price v. Lehtinen (In re Lehtinen), 564 F.3d 1052, 1058 (9th Cir. 2009), and its findings of fact for clear error, Murray v. Bammer (In re Bammer), 131 F.3d 788, 791 (9th Cir. 1997) (en banc), we affirm.

1. A court may sanction a lawyer who recklessly misrepresents the law for an improper purpose. Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001). Here, the bankruptcy court found that Magee improperly advised his client to conceal certain tort claims in her bankruptcy. Magee alleges that he lacked knowledge of the tort claims. But Magee's client testified that she had asked Magee about the disclosure and that Magee had advised her to conceal the information. The bankruptcy court permissibly credited the client's testimony over Magee's, despite discrepancies in her testimony about the date of this conversation. See Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985) (holding that when there are

***The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

2

two permissible views of the evidence, a fact-finder's choice cannot be clearly erroneous). Accordingly, it was not clear error for the bankruptcy court to conclude that MaGee had knowledge of the client's tort claims and that MaGee had recklessly misrepresented the law. And it was not an abuse of discretion for the bankruptcy court to sanction MaGee for wrongfully advising his client to conceal information and for later claiming that he had no recollection of the conversation.

2. The bankruptcy court's order confirming the client's Chapter 13 plan required that the debtor inform the Trustee "of any changes in circumstances or receipt of additional income." MaGee asserts that the portion of the tort claim allocated to lost income, $850, should not be included as income to his client and, in essence, that the award of a judgment totaling $48,150.92 did not amount to a change in her circumstances. Those arguments are not persuasive. "[T]he viability of the system of voluntary bankruptcy depends upon full, candid, and complete disclosure by debtors of their financial affairs." Searles v. Riley (In re Searles), 317 B.R. 368, 378 (B.A.P. 9th Cir. 2004). A debtor has a statutory duty to disclose all assets, income, and financial affairs. 11 U.S.C. § 521. The tort judgment here was substantial; it exceeded the unsecured claims in the bankruptcy. A portion of the award was designated as income. The bankruptcy court did not abuse its

discretion in holding that the client's receipt of this judgment amounted to a change in circumstance.

3.  MaGee argues that the plan's requirement to report any change in circumstances is unconstitutionally vague.  But Magee did not raise this issue at the bankruptcy court or to the BAP.  "As a general rule, an appellate court will not hear an issue raised for the first time on appeal. . . .  A workable standard . . . is that the argument must be raised sufficiently for the trial court to rule on it."  Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir. 1992) (citation and internal quotation marks omitted).  Because Magee did not raise the vagueness argument in any proceeding below, he did not afford an opportunity for the bankruptcy court or the BAP to rule on it.  Accordingly, the issue is waived.

4.  Finally, MaGee alleges that the bankruptcy judge was unfairly prejudiced against him because of several statements the judge made during the course of the proceedings.

> [J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

4

Liteky v. United States, 510 U.S. 540, 555 (1994).  Here, although the judge made critical statements about MaGee during the proceedings, he based these statements on no extrajudicial source and did not suggest that fair judgment was impossible. We therefore reject this argument.

**AFFIRMED**.