# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BENJAMIN C. ARP, | No. 76935-9-I |
| Appellant, | |
| v. | DIVISION ONE |
| JAMES H. RILEY and "JANE DOE" RILEY, husband and wife and the marital community composed thereof; and SIERRA CONSTRUCTION CO., INC., a Washington State Corporation, | UNPUBLISHED OPINION |
| Respondents. | FILED: November 5, 2018 |

LEACH, J. — Benjamin C. Arp appeals the trial court's summary dismissal of his personal injury action against James H. Riley and Sierra Construction Company Inc. (collectively Sierra). Arp sued Sierra for damages caused by a motor vehicle accident. Sierra asserted the affirmative defense of judicial estoppel, claiming that Arp was barred from asserting his claim because he did not disclose it in his Chapter 13 bankruptcy proceedings. Arp previously appealed this matter in Arp v. Riley,[1] which this court remanded for additional findings about this issue.

---

[1] 192 Wn. App. 85, 366 P.3d 946 (2015) (Arp I).

No. 76935-9-I / 2

On remand, the trial court found that the elements of judicial estoppel were satisfied because Arp asserted an inconsistent position when he did not disclose his personal injury claim to the bankruptcy court, the trustee, or his creditors, and then sued Sierra after the bankruptcy court discharged his debts. Arp also benefited from his nondisclosure because the bankruptcy court discharged a portion of his debts and one of his creditors testified that it would have taken additional action if Arp had disclosed his claim. The trial court did not abuse its discretion by applying judicial estoppel and finding that its application was necessary to protect the integrity of the judicial system based on the factors listed above and because Arp's disclosure was not inadvertent. We affirm.

## FACTS

In July 2008, Arp filed a petition for voluntary bankruptcy under Chapter 13 in the United States Bankruptcy Court for the Western District of Washington. In December 2009, the bankruptcy court confirmed Arp's Chapter 13 plan. In the confirmation order, the bankruptcy court imposed explicit disclosure and reporting requirements on Arp:

> 4. That the debtor shall inform the Trustee of any change in circumstances, or receipt of additional income, and shall further comply with any requests of the Trustee with respect to additional financial information the Trustee may require;
>
> . . . .

-2-

No. 76935-9-I / 3

6. That during the pendency of the plan hereby confirmed, all property of the estate, as defined by 11 U.S.C. section 1306(a), shall remain vested in the debtor, under the exclusive jurisdiction of the Court, and further, that the debtor shall not, without specific approval of the Court, lease, sell, transfer, encumber or otherwise dispose of such property.

In October 2010, after confirmation of his Chapter 13 plan but before he received a discharge, Arp claims that he was in a motor vehicle accident with Riley. Riley was driving in the course of his employment with Sierra Construction Company Inc. Arp sent a demand and settlement letter about his claim to Riley in March 2011. The letter stated that Arp was seeking compensation for his insurance deductible, loss of use payment, and would be seeking compensation for medical damages. Arp did not disclose to the trustee, bankruptcy court, or his creditors that he had any claim against any party based on the incident.

Arp stopped making plan payments in July 2011. The trustee moved to dismiss Arp's bankruptcy in November 2011. In January 2012, Arp filed a response in opposition to the trustee's motion to dismiss, stating, in relevant part,

> [Arp] was involved in an automobile accident on October 5, 2010. The accident was serious enough that [he] received significant brain injuries which has resulted in significant short-term memory loss. No doubt as a result of this accident, the Debtor has "forgotten" to make his Chapter 13 plan payments.
>
> . . . [T]he Debtor has asked his sister whether she could gift him the remaining balance, so that his Chapter 13 plan can be completed. His sister has indicated she is willing to be of assistance so the Debtor will be able to complete his Chapter 13 plan with one payment.

-3-

The trustee struck its motion to dismiss. In March 2012, the trustee submitted a certificate of completion; the trustee stated that Arp completed all payments due under the Chapter 13 confirmed plan and recommended that the bankruptcy court grant Arp a discharge. The bankruptcy court entered an order discharging over $113,000 of Arp's unsecured debts. In April 2012, the trustee filed a final report and account, stating that Arp's bankruptcy estate had been fully administered.

In November 2012, Arp filed this lawsuit against Riley and, in July 2013, filed an amended complaint adding Sierra. Among other damages, the complaint seeks compensation for "[p]ast, present and future lost wages." In Sierra's answer, it asserted the affirmative defenses of judicial estoppel and lack of standing. The lower court granted summary judgment on both grounds.

Arp appealed the trial court's judgment to this court. In Arp I, this court reversed the trial court's summary judgment.[2] It stated that the bankruptcy court's confirmation order required that Arp disclose his personal injury claim, which Arp did not do.[3] But it held that the record did not establish by undisputed facts all of the elements of judicial estoppel because it did not show that the trial court considered whether the bankruptcy court accepted any inconsistent claim

---

[2] Arp I, 192 Wn. App. at 101.
[3] Arp I, 192 Wn. App. at 101.

-4-

Arp made or whether Arp benefited from making any inconsistent claim.[4] And the record did not establish that the trial court "exercised individualized discretion" to decide that permitting Arp to pursue his claim would "affront the integrity of the judicial process."[5]

Our Supreme Court denied Sierra's petition for review and the matter was remanded to the trial court. On remand, the parties conducted additional discovery to address the unresolved factual issues noted in Arp I. Arp then filed a motion for partial summary judgment to strike Sierra's affirmative defense of judicial estoppel. Sierra renewed its motion for summary judgment, asserting judicial estoppel barred Arp's claim. The trial court denied Arp's motion and granted Sierra's motion for summary judgment. Arp filed a motion for reconsideration, which the trial court denied. Arp appeals the trial court's summary judgment order.

## STANDARD OF REVIEW

This court reviews a trial court's grant of summary judgment de novo.[6] A reviewing court affirms summary judgment only when the evidence presented demonstrates no genuine issue of material fact exists and the moving party is

---

[4] Arp I, 192 Wn. App. at 100-01.
[5] Arp I, 192 Wn. App. at 101.
[6] Cunningham v. Reliable Concrete Pumping, Inc., 126 Wn. App. 222, 226-27, 108 P.3d 147 (2005); Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001).

entitled to judgment as a matter of law.[7] It considers all facts and reasonable inferences in the light most favorable to the nonmoving party.[8]

This court reviews a trial court's decision to apply the equitable doctrine of judicial estoppel for abuse of discretion.[9] "A trial court abuses its discretion when it bases its decision on untenable or unreasonable grounds."[10]

ANALYSIS

Elements of Judicial Estoppel

"Judicial estoppel 'precludes a party from asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position.' It is intended to protect the integrity of the courts but is not designed to protect litigants."[11] Courts examine three factors to determine whether judicial estoppel applies: (1) whether a party asserts a position inconsistent with an earlier one, (2) whether acceptance of the position would create the perception that a party misled a court in either proceeding, and (3) whether the party asserting the inconsistent position would receive an unfair advantage or impose an unfair detriment.[12] But these factors are not an "exhaustive formula."[13]

---

[7] Wilson v. Steinbach, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).
[8] Steinbach, 98 Wn.2d at 437.
[9] Arp I, 192 Wn. App. at 91.
[10] Harris v. Fortin, 183 Wn. App. 522, 527, 333 P.3d 556 (2014).
[11] Arp I, 192 Wn. App. at 91 (internal quotation marks omitted) (quoting Arkison v. Ethan Allen, Inc., 160 Wn.2d 535, 538, 160 P.3d 13 (2007)).
[12] Arp I, 192 Wn. App. at 92.
[13] Arp I, 192 Wn. App. at 92.

"[C]ourts must apply judicial estoppel at their own discretion; they are not bound to apply it but rather must determine on a case-by-case basis if applying the doctrine is appropriate."[14]

Judicial estoppel can apply in the bankruptcy context when the debtor does not disclose a cause of action in his bankruptcy proceedings that he later brings in state court.[15] Under these circumstances, the debtor asserts two inconsistent positions.[16]

### Law of the Case from Arp I

First, Arp contends that in Arp I, this court did not hold that he took an inconsistent position in the bankruptcy court and establish the law of the case that it must now follow. We agree.

The law of the case doctrine "ordinarily precludes redeciding the same legal issues in a subsequent appeal" of the same claim.[17] A reviewing court will not consider the same legal issues if there is no "'substantial change in the evidence at a second determination of the cause.'"[18] But a court should

---

[14] Arp I, 192 Wn. App. at 92.

[15] Arp I, 192 Wn. App. at 92.

[16] Arp I, 192 Wn. App. at 92.

[17] Folsom v. County of Spokane, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988).

[18] Folsom, 111 Wn.2d at 263 (quoting Adamson v. Traylor, 66 Wn.2d 338, 339, 402 P.2d 499 (1965)).

reconsider an identical legal issue if the prior appeal is clearly erroneous and application of the law of the case doctrine would result in manifest injustice.[19]

In Arp I, this court decided that the record did not show that "the trial court considered if the bankruptcy court accepted any inconsistent claim made by Arp or if Arp benefited from making any inconsistent claim."[20] It also stated, "The record adequately supports the trial court's conclusion that Arp's response to the trustee's motion to dismiss 'cannot fairly be considered the type of notice required by the confirmation order.' Thus, for purposes of this opinion, we assume that Arp has taken an inconsistent position."[21]

Arp asserts that the language "for purposes of this opinion, we assume that Arp has taken an inconsistent position" means this statement is not a holding and is not the law of the case. Sierra responds that this court did hold that the confirmation order required that Arp disclose his personal injury claim and his purported disclosure was insufficient. Thus, by necessity, this court's conclusion established as the law of the case that he took an inconsistent position.

Sierra properly asserts that it is the law of the case that the confirmation order required Arp to disclose his claim and he did not do so. But these conclusions do not necessarily establish the first element of judicial estoppel—

---

[19] Folsom, 111 Wn.2d at 264.
[20] Arp I, 192 Wn. App. at 100.
[21] Arp I, 192 Wn. App. at 99.

that a party asserted a position inconsistent with an earlier one. And, as stated above, in Arp I, this court remanded for additional findings, in part, based on its express statement that the record did not show that the trial court considered whether the bankruptcy court accepted an inconsistent position. Whether Arp asserted an inconsistent position is not the law of this case.

### The Bankruptcy Court Accepted Arp's Inconsistent Position

Arp next challenges the trial court's conclusion that the bankruptcy court accepted his inconsistent position. We agree with the trial court.

Arp appears to assert that because the trustee did not ask to modify his asset schedules, the bankruptcy court did not recognize his personal injury claim as an asset subject to the Chapter 13 proceedings. But Henry Hildebrand III, a Chapter 13 trustee of 34 years, testified that Chapter 13 trustees rely on a debtor to fully and honestly disclose all assets, including postconfirmation causes of action. Here, the trustee submitted a certificate of completion to the bankruptcy court, stating that Arp had completed all his payments due under his Chapter 13 plan. And we held in Arp I that Arp did not properly disclose his claim by including it in his response to the trustee's motion to dismiss.

To show that the bankruptcy court, in deciding to discharge Arp's debts, accepted Arp's inconsistent position, Sierra correctly notes that Washington courts and the Ninth Circuit Court of Appeals recognize a bankruptcy discharge

-9-

as sufficient acceptance of the debtor's representations about debts for purposes of judicial estoppel.[22] Sierra also relies on Kunica v. St. Jean Financial, Inc.,[23] in which the bankruptcy court adopted the debtor's inconsistent position when it dismissed the case based on a motion by the trustee and the debtor's stated position.

Arp responds that finding a bankruptcy discharge sufficient acceptance of the debtor's representations about debts is inconsistent with Johnson v. Si-Cor, Inc.[24] Arp relies on this court's summation of Johnson in Arp I. This court explained that because Chapter 13 did not require that Johnson disclose or schedule his postconfirmation cause of action, the bankruptcy court did not accept his position that no claim was available to his creditors.[25] But, unlike the situation in Johnson, this court held in Arp I that the confirmation order, not Chapter 13, required Arp to disclose his claim, which he did not do. So Johnson does not support Arp's position.

---

[22] Fortin, 183 Wn. App. at 525 (stating that because Harris misrepresented to the bankruptcy court that the promissory note at issue was uncollectible and had no value, the bankruptcy court implicitly accepted Harris's position when it closed his bankruptcy as a no-asset case); Hamilton, 270 F.3d at 784 (holding "Hamilton is precluded from pursuing claims about which he had knowledge, but did not disclose, during his bankruptcy proceedings, and that a discharge of debt by a bankruptcy court, under these circumstances, is sufficient acceptance to provide a basis for judicial estoppel, even if the discharge is later vacated").

[23] 233 B.R. 46, 59 (S.D.N.Y. 1999).

[24] 107 Wn. App. 902, 28 P.3d 832 (2001).

[25] Arp I, 192 Wn. App. at 97.

Arp also claims that the cases that Sierra relies on are misleading. He attempts to distinguish them from his case on the basis that they involve either prepetition nondisclosure, Chapter 7 no-asset discharges, or distinct fact patterns based on the language of the Chapter 13 confirmation orders. But Arp does not explain why these differences affect application of the rule to his case. Generally, this court will not consider arguments a party does not support with pertinent authority, references to the record, or meaningful analysis.[26] Because Arp does not provide meaningful analysis to support his argument, we decline to consider it.

We agree with the trial court that Arp took an inconsistent position; Arp did not properly disclose his claim to the trustee, and based on the trustee's account of Arp's assets, the bankruptcy court discharged his debts, thereby accepting that he had no more assets to disclose.

### Arp's Nondisclosure Benefited Him

Arp also claims that the trial court erred in deciding that his nondisclosure impacted the actions of his creditors and benefited him. We disagree.

---

[26] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority); State v. Camarillo, 54 Wn. App. 821, 829, 776 P.2d 176 (1989) (no references to the record); RAP 10.3(a).

First, Arp relies on Gosney v. Fireman's Fund Insurance Co.[27] for the proposition that judicial estoppel requires a finding that his disclosure would have changed the outcome of the bankruptcy. In Arp I, this court remanded, in part, because the record did not show that Arp benefited from his nondisclosure.[28] This court stated, "Sierra produced no evidence showing that any creditor would have considered requesting a plan amendment if Arp had disclosed his claim in an amended schedule."[29]

On remand, Sierra showed how Arp's nondisclosure impacted at least one creditor with testimony from Ryan Ko, the bankruptcy and foreclosure manager for Boeing Employees Credit Union (BECU). Ko testified that BECU would have taken additional action if it had been made aware of additional assets. He stated, "BECU was negatively impacted because we were not given a choice or an opportunity to take action." Ko acknowledged that a year before his deposition an attorney called him and asked "if BECU would have taken action had [it] known of a personal injury claim." Ko responded that BECU would not have filed a motion to modify the asset schedule.

Arp also relies on Ko's testimony that since working at BECU, Ko had never asked the bankruptcy court to modify a plan involving a personal injury

---

[27] 3 Wn. App. 2d 828, 884, 419 P.3d 447 (2018), review denied, No. 96029-1 (Wash. Oct. 3, 2018).
[28] Arp I, 192 Wn. App. at 100.
[29] Arp I, 192 Wn. App. at 100.

claim after plan confirmation in a Chapter 13 proceeding. Ko further stated that BECU had never moved to modify a plan in a Chapter 13 bankruptcy involving a postpetition personal injury claim. But Ko also stated that he was unsure "if other personal injury claims have been brought to [his] attention." And he testified that BECU bases the amount it seeks to collect in bankruptcy on the debtor's asset disclosures and prefers to recover as much debt as possible. Arp's nondisclosure denied his creditors, including BECU, the opportunity to decide whether to attempt to recover the money that he owed them. For example, Arp repaid only $3,195.70 of the $22,685.46 in credit line debt and $708.81 of the $5,031.65 in credit card debt that he owed BECU. Ko's testimony supports the trial court's conclusion that Arp's nondisclosure impacted the actions of at least one of his creditors. And, consistent with Gosney, it provides evidence that the bankruptcy court may have changed the relief that it provided.

Second, Arp contends that he did not benefit from his nondisclosure. He does not appear to contest that discharge of debt provides a benefit for purposes of judicial estoppel.[30] "'Courts may generally apply judicial estoppel to debtors who fail to list a potential legal claim among their assets during bankruptcy

---

[30] McFarling v. Evaneski, 141 Wn. App. 400, 404, 171 P.3d 497 (2007) (holding McFarling "gained a benefit at the expense of his creditors when he received a 'no asset' discharge of his debts" after he misled the bankruptcy court about his assets).

-13-

proceedings and then later 'pursue the claims after the bankruptcy discharge.'"[31] Based on Arp's initial disclosures to the bankruptcy court, he received a discharge of about $113,000 of unsecured debts. But Arp asserts that if he had disclosed his claim and BECU had requested amendment of his asset schedules, BECU's entitlement would have been limited to the portion of the personal injury claim that represented an income substitute. To support this proposition, Arp relies on In re Burgie,[32] In re Hall,[33] and In re Carlson.[34]

Burgie, however, does not support Arp's claim that personal injury settlement proceeds are not income or an income substitute. The Burgie court stated, "Only regular income and substitutes therefor can be counted in the determination of disposable income for the purposes of the chapter 13 test. . . . [And] personal injury settlement proceeds are disposable income to the extent that they are not reasonably necessary for the support of the debtors."[35] Further, Hall does not assist Arp because it considered whether social security benefits are income that may be subject to a debtor's Chapter 13 plan.[36] And Carlson involves an unpublished bankruptcy court order that we do not find

---

[31] McFarling, 141 Wn. App. at 404 (internal quotation marks omitted) (quoting Arkison, 160 Wn.2d at 539).

[32] 239 B.R. 406 (B.A.P. 9th Cir. 1999).

[33] 442 B.R. 754 (Bankr. D. Idaho 2010).

[34] 650 F. App'x 307 (9th Cir. 2016).

[35] Burgie, 239 B.R. at 410-11 (citing In re Claude, 206 B.R. 374 (Bankr. W.D. Pa. 1997)).

[36] Hall, 442 B.R. at 756-57.

persuasive. The trial court did not err in determining that Arp's nondisclosure benefited him.

### Application of Judicial Estoppel

Last, Arp asserts that the trial court abused its discretion by applying judicial estoppel because its holding does not protect the integrity of the judicial process. Again, we disagree.

Arp asserts that "[e]quity cannot tolerate the result in this case" because of his arguments addressed above and the fact that he suffered severe and permanent damage as the result of Sierra's negligence. But, as we held, the confirmation order required that Arp disclose his claim, he did not do so, he asserted an inconsistent position in the bankruptcy proceedings, and he benefited from his nondisclosure.

In addition, substantial evidence supports the trial court's finding that his nondisclosure was not inadvertent. Courts may decide not to apply judicial estoppel in cases of simple error or inadvertence.[37] Failure to list an asset is inadvertent only when the debtor lacks knowledge of the undisclosed claim or has no motive to conceal it.[38] The trial court reasoned that Arp understood he had a potential cause of action against Sierra during bankruptcy because he sent

---

[37] Cunningham, 126 Wn. App. at 234.
[38] Urbick v. Spencer Law Firm, LLC, 192 Wn. App. 483, 490-91, 367 P.3d 1103 (2016).

a demand letter to Riley before discharge. And as a Chapter 13 debtor, Arp had a motive to conceal his claim before the bankruptcy court closed his case to prevent his creditors from benefiting from a potential damages award. The trial court noted that even after the considerable litigation in this case, Arp still has not properly disclosed his claim to the bankruptcy court or asked to file an amended schedule. So substantial evidence supports the trial court's finding that Arp's nondisclosure was not inadvertent.

The trial court also reasoned that if it refused to apply judicial estoppel under these facts, it would suggest to debtors that they could disregard bankruptcy court orders without consequence. This "would impair the integrity of the bankruptcy court and disrupt a bankruptcy system premised on the idea that honest but unfortunate debtors disclose all their assets in exchange for a discharge of debt." The trial court did not abuse its discretion with its analysis supporting its exercise of that discretion to apply judicial estoppel to bar Arp's claim.

### Appellate Costs

Sierra requests that this court award it appellate costs. Because Sierra is the substantially prevailing party, we award Sierra costs under RAP 14.2.[39]

---

[39] RAP 14.2 states that generally, "A commissioner or clerk of the appellate court will award costs to the party that substantially prevails on review."

## CONCLUSION

Arp I established as the law of this case that the confirmation order required that Arp disclose his personal injury claim and he failed to do so. The trial court did not err in determining that the bankruptcy court accepted that Arp took an inconsistent position and that Arp benefited from his nondisclosure. Nor did the court abuse its discretion by applying judicial estoppel to bar Arp's claim. We affirm.

_Leach, J._

WE CONCUR: